In re Thomas A. MANTZ and Lynne D. Mantz, Debtors.

UNITED STATES of America, INTERNAL REVENUE SERVICE, Appellant,

v.

Jack A. ULRICH, Trustee, Thomas A. Mantz and Lynne D. Mantz, Appellees.

BAP No. EC–92–1224–JRP.

Bankruptcy No. 988–03452.

United States Bankruptcy Appellate Panel, Ninth Circuit.

Argued and Submitted on Sept. 16, 1992.

Decided March 24, 1993.

IRS.[1] The Mantzes had failed to file tax returns for the years 1986 and 1987. The § 341[2] meeting of creditors was scheduled for January 26, 1989. The IRS had 90 days from that date to file a claim pursuant to Federal Rule of Bankruptcy Procedure 3002(c).

On June 18, 1990, more than a year after the bar date, the IRS filed a proof of claim for $186,579.05 for the years 1986 through 1988. The IRS argued that its untimely claim should be allowed as a matter of equity because the Mantzes had failed to give the IRS any notice of their bankruptcy filing. On December 10, 1991, the Trustee filed an objection to the IRS's claim as untimely, and the bankruptcy court disallowed the claim in its entirety. The IRS appeals. We REVERSE and REMAND.

### ISSUE AND STANDARD OF REVIEW

■ Whether the bankruptcy court erred in disallowing the IRS claim is a question of bankruptcy law. We review questions of law *de novo. In re Wade,* 115 B.R. 222, 225 (9th Cir.BAP 1990), *aff'd,* 948 F.2d 1122 (9th Cir.1991).

### DISCUSSION

The IRS's proof of claim was filed pursuant to § 501(a). Bankruptcy Rule 3002(c) requires that such claims be filed within 90 days after the first date set for the meeting of creditors, with certain exceptions not applicable here. *See* Federal Rule of Bankruptcy Procedure 9006(b)(3). The IRS's claim was not timely filed under Rule 3002(c). The bankruptcy court, using a strict interpretation, denied the IRS's claim in its entirety. *See, e.g., In re Coastal Alaska Lines, Inc.,* 920 F.2d 1428, 1433 (9th Cir.1990) (cases allowing late filed claims when creditor received no notice not reconcilable with Rule 3002(c)).

■ But the IRS argues that Rule 3002(c) conflicts with § 726(a)(2)(C) of the

Jeffrey R. Meyer, Washington, DC, for appellant, U.S.A./IRS.

Rolla L. Garretson Jr., Stockton, CA, for appellee, Jack A. Ulrich, Trustee.

Before JONES, RUSSELL, and PERRIS, Bankruptcy Judges.

### OPINION

JONES, Bankruptcy Judge:

### BACKGROUND

Debtors Thomas and Lynne Mantz ("the Mantzes") filed their Chapter 7 petition on December 28, 1988 without listing the Internal Revenue Service ("IRS") on their schedules or providing other notice to the

---

1. Schedule A.1 shows $0.00 owed to the United States for income taxes.

2. Unless otherwise specified, all statutory citations refer to the Bankruptcy Code, 11 U.S.C.

§§ 101 to 1330 (1992), and all citations of rules refer to the Federal Rules of Bankruptcy Procedure.

Code, and that where the two conflict, the latter must prevail.[3] Section 726 prioritizes distribution of property of the estate into several categories. Had the IRS filed a timely claim, it would have received payment under § 726(a)(1),[4] the first category. The IRS argues that it should not lose its priority position simply because of the debtors' failure to provide adequate notice, and that § 726 provides for the late filing of claims under these circumstances.

### 1. *Exclusion from § 726[5] Purview*

The late-filing provision referred to by the IRS is found in category two, § 726(a)(2)(C), which provides for payment of any allowed unsecured claim, other than a claim such as that specified in § 726(a)(1):

> (C) tardily filed under section 501(a) of this title, if—
>> (i) the creditor that holds such claim did not have notice or actual knowledge of the case in time for timely filing of a proof of such claim under section 501(a) of this title; and
>> (ii) proof of such claim is filed in time to permit payment of such claim; ...

11 U.S.C. § 726(a)(2).

The bankruptcy court interpreted the first quoted sentence, the "exclusionary language," as excluding category one claimants from the late-filing provision of category two. This resulted in the IRS's claim being excluded from the purview of § 726 altogether. The bankruptcy court

reasoned that this result was equitable because the IRS could pursue its non-dischargeable claim after the close of the bankruptcy case. While this argument may have a certain intellectual appeal, as a practical matter it may mean that the IRS's claim is worthless. This appears to be contrary to the legislative intent of § 726 which set forth an order of priorities.

### 2. *Inclusion in Category One*

The IRS argues that it should receive distribution under category one of § 726, citing *United States v. Cardinal Mine Supply, Inc.,* 916 F.2d 1087, 1089 (6th Cir. 1990). In *Cardinal Mine,* under facts substantially identical to the instant appeal, the bankruptcy court held that the IRS was excluded by the language of § 726(a)(2), and concluded that the IRS belonged in the third category of payment pursuant to § 726(a)(3).[6] The Sixth Circuit reversed, holding that the IRS retained, in essence, its first priority status under § 726(a)(1).

▮ The inclusion of a late-filing provision in § 726(a)(2)(C) indicates that Congress knew how to protect claimants who filed late claims due to lack of notice. The omission of such a provision in § 726(a)(1) indicates that Congress did not intend for late-filing priority claimants, even those without notice, to take their distribution with other timely-filed category one claimants. Consequently we disagree with *Car-*

---

3. Basic principles of statutory construction require that apparently contradictory statutory provisions be read to be consistent when possible. *See In re Hobdy,* 130 B.R. 318, 321 (9th Cir.BAP 1991) (Perris, J., concurring) (citing *In re Caster,* 77 B.R. 8, 13 (Bankr.E.D.Pa.1987)).

4. Section 507(a)(7)(A) provides for priority tax payments.

5. **§ 726. Distribution of property of the estate.**
(a) Except as provided in section 510 of this title, property of the estate shall be distributed—
(1) first, in payment of claims of the kind specified in, and in the order specified in, section 507 of this title;
(2) second, in payment of any allowed unsecured claim, other than a claim of a kind specified in paragraph (1), (3), or (4) of this subsection, proof of which is—

(A) timely filed under section 501(a) of this title;
(B) timely filed under section 501(b) or 501(c) of this title; or
(C) tardily filed under section 501(a) of this title, if—
(i) the creditor that holds such claim did not have notice or actual knowledge of the case in time for timely filing of a proof of such claim under section 501(a) of this title; and
(ii) proof of such claim is filed in time to permit payment of such claim.

6. The bankruptcy court's decision was clearly an error. The third category is reserved for late-filed § 501(a) allowed unsecured claims where the creditor had notice or knowledge of the case but failed to act. 4 *Collier on Bankruptcy* ¶ 726.02 at 726–7 (15th ed. 1993). The IRS did not knowingly fail to act.

*dinal Mine,* first because that court ignored the exclusionary language of § 726(a)(2), contrary to basic principles of statutory interpretation, and second, because such a holding omits the § 726(a)(2)(C)(ii) protection which provides a cutoff date for the filing of late claims. Under *Cardinal Mine,* the IRS could bring its claim even after distribution, undermining the finality of § 726 distributions.

### 3. *Middle Ground*

The exclusionary language from § 726(a)(2) states that the second category of distribution is to go to "any allowed unsecured claim, other than a claim of a kind specified in paragraph (1)." Both parties agree that the IRS has an allowed unsecured claim, and that but for the exclusionary language, the IRS would be able to recover under category two.

We conclude that the exclusionary language was designed to preclude double recovery by those who had already been paid under category one, and therefore does not apply to the IRS's claim in the instant appeal. Moreover, the IRS's claim, because it was untimely filed, is not technically "a claim of a kind specified in paragraph (1)." Claims from category one are, pursuant to the complicated interplay between §§ 501, 507, 726 and Rule 3002, timely filed—by definition. If they are not timely filed they do not fall under category one. Hence, the exclusionary language from category two does not apply to them. This result is consistent with the language of the Code and with the intent of Congress.

### 4. *General Unsecured Claim of IRS*

 The IRS claim for $186,579.05 consists of $154,870.75 as an unsecured priority claim (including interest of $15,193.75) and $31,708.30 as an unsecured general claim for penalties. The IRS argues that the bankruptcy court erred in not allowing the penalty claim under § 726(a)(2)(C). However, the IRS's penalty claim does not appear to be compensation for actual pecuniary loss pursuant to § 507(a)(7)(G), but rather is a penalty claim subordinated under the provisions of § 726(a)(4). Such

claims are precluded from § 726(a)(2)(C) by that section's exclusionary language.

### CONCLUSION

We cannot accept the IRS's argument that it should receive first priority distribution under § 726(a)(1). Although the IRS's argument that it should not be penalized because of the debtors' failure to give it proper notice of the bankruptcy is not unreasonable, Congress by enacting § 726 has provided otherwise.

On the other hand, we conclude that the bankruptcy court erred in denying the IRS any § 726 distribution. Accordingly, we REVERSE and REMAND with instructions to allow the IRS's $154,870.75 unsecured priority claim under § 726(a)(2)(C) and its $31,708.30 as an unsecured general claim for penalties under § 726(a)(4).