**In the Matter of Robert M. PHILLIPS, Debtor.**

**Bankruptcy No. 91–73–C H.**

United States Bankruptcy Court, S.D. Iowa.

April 18, 1994.

John P. Roehrick, Roehrick, Hulting & Moisan, Des Moines, IA, for debtor.

Deborah L. Petersen, Perkins, Sacks, Hannan, Reilly & Petersen, Council Bluffs, IA, Trustee.

David H. Goldman, Black, Goldman & Powell, P.C., Des Moines, IA, for creditor Bishop Engineering, Inc. Employee Profit Sharing Plan.

Peter S. Cannon, Connolly, O'Malley, Lillis, Hanson & Olson, Des Moines, IA, for creditor Bishop Engineering, Inc., Barry and Joan Bishop.

Paul E. Huscher, Des Moines, IA, for creditor Constance Gordon.

James L. Snyder, Des Moines, IA, for U.S. Trustee.

## ORDER

RUSSELL J. HILL, Bankruptcy Judge.

On January 13, 1994, objections to the Trustee's Final Report were heard by this Court. James L. Snyder appeared on behalf of the U.S. Trustee's office. Creditor, Bishop Engineering, Inc. Employee Profit Sharing Plan ("Profit Sharing Plan") appeared by its attorney, David H. Goldman. Creditors, Bishop Engineering, Inc. and Barry and Joan Bishop ("the Bishops") were represented by their attorney, Peter S. Cannon. Creditor, Constance Gordon ("Gordon") was represented by her attorney, Paul E. Huscher. At the conclusion of the hearing, the Court took under advisement the issue of whether Gordon, the Profit Sharing Plan, Bishop Engineering, Inc., and the Bishops should be included as creditors participating in the distribution of the assets of the estate.

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). The Court, on review of the pleadings, evidence, briefs, and arguments of parties, now enters its findings and conclusions pursuant to Fed.R.Bankr.P. 7052.

## FINDINGS OF FACT

1. Debtor, Robert M. Phillips, Sr., filed a voluntary petition for bankruptcy relief under Chapter 7 on January 14, 1991.

2. Bishop Engineering, Inc., the Profit Sharing Plan, the Bishops, and Gordon were all listed as unsecured creditors.

3. On January 16, 1991, notice was sent that the meeting of creditors pursuant to 11 U.S.C. § 341 had been scheduled for February 19, 1991. The notice stated that the case was a no asset case and that the creditors need not file a claim unless notified to do so.

4. The addresses of Bishop Engineering, Inc., the Profit Sharing Plan, the Bishops, and Gordon were included on the matrix and correctly listed.

5. On April 1, 1991, Gordon filed a Complaint Objecting to Dischargeability of Debt against Debtor. Subsequently, a notice of settlement was filed and a notice of judgment entry pursuant to the settlement agreement was filed on December 16, 1991.

6. A Notice of Need to File Proof of Claim Due to Recovery of Assets was filed on April 4, 1991. The notice stated that any creditors who wished to share in any distribution of funds must file a proof of claim by July 3, 1991. On April 5, 1991, a certificate of service was filed certifying that the notices to file proof of claim had been mailed to all parties listed on the matrix. There is no indication in the file that any of these notices were returned undelivered to the Court.

7. The first meeting of creditors was continued by order dated June 6, 1991 to June 28, 1991. Subsequently, there was a second notice of continued meeting of creditors and order which rescheduled the continued first meeting of creditors to July 25, 1991. The notices of continued meeting incorporated the requirements provided on the original notice.

8. On July 19, 1991, a Complaint Objecting to Discharge was filed by the Profit Sharing Plan. On July 19, 1991, a Complaint Objecting to Discharge was also filed by Bishop Engineering, Inc. and the Bishops. Judgment was rendered on the complaints on December 17, 1991 and January 2, 1992, respectively.

9. The Trustee's Final Report and Account Before Distribution was filed on October 22, 1993. The claims of the above-named creditors were not included in the proposed distribution.

## DISCUSSION

Bishop Engineering, the Profit Sharing Plan, the Bishops, and Gordon maintain that they should be allowed to participate in the distribution of funds in this case despite the fact that they did not file formal proofs of claim. Motions to amend informal claims have, subsequently, been filed by the creditors.

### Notice

■ Bishop Engineering, the Profit Sharing Plan and the Bishops first contend that they did not receive the April 4, 1991 Notice of Need to File Proof of Claim Due to Recovery of Assets and submit affidavits by Attorney Peter S. Cannon, Barry Bishop, and Joanne Bishop testifying to that lack of no-

tice. The address of Bishop Engineering and the Profit Sharing Plan was listed correctly on the matrix prior to the mailing of the April 4, 1991 notice. Moreover, the address of the Bishops, a different address, was also listed correctly on the matrix at that time. These creditors do not claim that they did not receive other mailings and apparently had received other notices as they filed an objection to the trustee's proposed sale of assets on April 5, 1991. Furthermore, the certification of service filed April 5, 1991 verifies that the notice was sent to all parties listed on the matrix and the Court has no record of any returned mail. The greater weight of the credible evidence leads the Court to conclude that Bishop Engineering, the Profit Sharing Plan, and the Bishops received the April 4, 1991 Notice of Need to File Proof of Claim.

### Proof of Claim

■ In certain cases, informal proofs of claim may be amended and allowed as timely filed claims. In *In re Haugen Constr. Services, Inc.*, 876 F.2d 681 (8th Cir.1989), the Eighth Circuit quoted the following standard in reviewing the amendment of informal claims:

> Great liberality in permitting amendments of claims in bankruptcy proceedings is proper, but the statute requiring that a proof of claim in writing be filed is clear, positive and unambiguous and it must not be nullified in the name of equity. If the record made within the statutory period, *formal or informal,* disclosed facts showing an assertion of a claim against the estate and an intention by the claimant to share in its assets, there would be a basis for the proposed amendment …

*In re Donovan Wire & Iron Co.*, 822 F.2d 38, 39 (8th Cir.1987) (per curiam) (quoting *Tarbell v. Crex Carpet Co.*, 90 F.2d 683, 685–86 (8th Cir.1937) (emphasis added)).

■ The Eighth Circuit went on to find that an amendable informal claim exists if the claim: 1) is made within the bar period; 2) explicitly states the nature and amount of the claim; and 3) evidences an intent to pursue the claim and hold the debtor liable. *Haugen,* 876 F.2d at 682. This Court finds

that this test should be applied to the facts of the case at hand to determine whether the creditors have filed informal proofs of claim.

■ Gordon filed a Complaint Objecting to Dischargeability on April 1, 1991. The bar date for filing claims was July 3, 1991. Therefore, the complaint was filed before the deadline. The complaint also explicitly stated the nature of the claim by Gordon and the prayer for $207,500. Furthermore, the Court finds that such complaint evidences an intent by Gordon to hold the Debtor liable. Therefore, the Court concludes that the complaint filed by Gordon is sufficient to constitute an informal claim.

■ Liberality is permitted in the amending of informal claims. Accordingly, the Court finds that Gordon's Motion to Amend Informal Proof of Claim is hereby granted and Gordon may proceed to file the proposed claim. Moreover, such claim shall be considered timely filed and Gordon included in the distribution of assets as she may be entitled pursuant to § 726(a)(2)(A).

■ Bishop Engineering, The Profit Sharing Plan, and the Bishops filed Complaints to Dischargeability on July 19, 1991. The respective complaints and resulting judgments state the nature and amount of the claims and evidence an intent to hold the Debtor liable. Therefore, such complaints may constitute informal proofs of claim. However, the bar date for the filing of claims was July 3, 1991. The complaints were not filed until July 19, 1991. Therefore, although the filing of the complaints may be sufficient to constitute informal proofs of claim, such claims were tardily filed and amendments of such may not be considered timely filed. Therefore, although the Court grants Bishop Engineering, The Profit Sharing Plan, and the Bishops permission to file amended proofs of claim, these claims shall not be deemed timely filed, but are instead tardily filed claims.

■ The Court must determine if these tardily filed claims should be allowed and these creditors permitted to share in the distribution of property of the estate. Fed. R.Bankr.P. 3002(c) provides that proofs of claim must be filed within 90 days of the first meeting of creditors. Fed.R.Bankr.P.

3002(c)(5) provides an exception for cases where a notice of insufficient assets to pay a dividend was given to creditors and later a notice of the possibility of a dividend is sent. In these cases, claims are to be filed within 90 days of the mailing of the second notice. However, nothing in the express language of the Bankruptcy Code directs the disallowance of untimely filed claims. *See* § 502(b). In fact § 726, which sets forth the priority of payment for unsecured claims in Chapter 7 cases, expressly directs payment of tardily filed claims. Section 726 provides in relevant part:

(a) Except as provided in section 510 of this title, property of the estate shall be distributed—

(1) first, in payment of claims of the kind specified in, and in the order specified in, section 507 of this title;

(2) second, in payment of any allowed unsecured claim other than a claim of a kind specified in paragraph (1), (3), or (4) of this subsection, proof of which is—

(A) timely filed under section 501(a) of this title;

(B) timely filed under section 501(b) or 501(c) of this title; or

(C) tardily filed under section 501(a) of this title, if—

(i) the creditor that holds such claim did not have notice or actual knowledge of the case in time for timely filing of a proof of claim under section 501(a) of this title; and

(ii) proof of such claim is filed in time to permit payment of such claim;

(3) third, in payment of any allowed unsecured claim proof of which is tardily filed under section 501(a) of this title, other than a claim of the kind specified in paragraph (2)(C) of this subsection.

Several courts have held that late filing of a claim is not a basis for disallowance in Chapter 7 cases although Fed.R.Bankr.P. 3002 purports to make filing in accordance with its terms a prerequisite for allowance. *In re McLaughlin,* 157 B.R. 873, 876 (Bankr. N.D. Iowa 1993); *In re Corporacion de Sevicios Medico,* 149 B.R. 746, 749 (Bankr. D.P.R.1993); *In re Rago,* 149 B.R. 882, 885

(Bankr.N.D.Ill.1992); *see also In re Century Boat Co.*, 986 F.2d 154, 157 (6th Cir.1993); *In re Mantz*, 151 B.R. 928, 930 (9th Cir. BAP 1993); and *United States v. Cardinal Mine Supply, Inc.*, 916 F.2d 1087, 1091 (6th Cir. 1990). *Contra In re Stoecker*, 151 B.R. 989, 995 (Bankr.N.D.Ill.1992).

This Court finds that tardiness is not grounds for disallowance of a proof of claim in Chapter 7 cases. Therefore, the claims of Bishop Engineering, the Profit Sharing Plan, and the Bishops are allowed. However, an untimely filing may effect the creditors' position in the distribution of assets under § 726. Section 726 makes a distinction between tardily filed claims in which the general unsecured creditor had no notice, but filed the claim in time to permit payment, and other general unsecured creditors. The Court has already found that these creditors received notice. Accordingly, the Court finds that Bishop Engineering, the Profit Sharing Plan, and the Bishops shall share in the distribution of property of the estate only as provided by § 726(a)(3).

 Lastly, Bishop Engineering, the Profit Sharing Plan, and the Bishops point out that the meeting of creditors was held after the deadline for filing of claims and argue that they were, therefore, unable to query the debtor to properly prepare to file a proof of claim. However, these creditors made no objections or motions at that time and the Court finds that they should not be allowed to do so at present. Moreover, the fact that the provisions of the original notice of meeting of creditors were incorporated into the notices continuing the meeting does not constitute a conflicting or contradictory order. The original notice stated: "No assets at this time. Do not file a claim unless notified to do so." The creditors were sent notice by the Court of the need to file claims and the recovery of assets. Therefore, it is clear that the previous direction not to file claims no longer applied.

### ORDER

IT IS THEREFORE ORDERED that Constance Gordon's Motion to Amend Informal Proof of Claim is granted and she is permitted to file her proposed proof of claim.

IT IS FURTHER ORDERED that, upon filing, the claim of Constance Gordon shall be allowed and deemed timely filed.

IT IS FURTHER ORDERED that Constance Gordon is entitled to share in the distribution of assets as provided by § 726(a)(2).

IT IS FURTHER ORDERED that Bishop Engineering, Inc., Bishop Engineering, Inc. Employee Profit Sharing Plan and Barry and Joanne Bishop's Motions to Amend Informal Proof of Claim are granted.

IT IS FURTHER ORDERED that, upon filing, the claims of Bishop Engineering, Inc., Bishop Engineering, Inc. Employee Profit Sharing Plan and Barry and Joanne Bishop shall be allowed as tardily filed claims.

IT IS FURTHER ORDERED that Bishop Engineering, Inc., Bishop Engineering, Inc. Employee Profit Sharing Plan and Barry and Joanne Bishop are entitled to share in the distribution of assets as provided by § 726(a)(3).