In re **LACLEDE CAB COMPANY,** Debtor.

Bankruptcy No. 92–44765–172.

United States Bankruptcy Court, E.D. Missouri, Eastern Division.

Aug. 22, 1995.

Thomas M. Blumenthal, Love, Lacks & Paule, Clayton, MO, for debtor.

Mark F. Haywood, Barklage, Barklage, Haywood & Brett, St. Charles, MO.

Christopher P. Simms, St. Louis, MO, for Debbie Strickland.

## *ORDER*

JAMES J. BARTA, Bankruptcy Judge.

This matter is before the Court on the motion of Debbie Strickland ("Claimant"), to reconsider the Court's Order that disallowed Claimant's proof of claim because it was filed after the date set as the last day to file claims. The Claimant has argued that her failure to file a timely proof of claim was based on excusable neglect, and that pursuant to the ruling in *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership,* —— U.S. ——, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), she should be allowed to file a claim out of time. In its decision in the *Pioneer* case, the U.S. Supreme Court established a balancing test analysis that is to be used in a consideration of excusable neglect. This test is generally regarded as less restrictive than previous standards that have been applied in this Circuit.

This is a core proceeding pursuant to Section 157(b)(2)(B) of Title 28 of the United States Code. The Court has jurisdiction over the parties and this matter pursuant to 28 U.S.C. Section 151, 157 and 1334, and Rule 29 of the Local Rules of the United States District Court of the Eastern District of Missouri.

■ Pursuant to Rule 3008, Federal Rules of Bankruptcy Procedure ("FRBP"), a party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate. As an equitable judgment, the reconsideration of an order allowing or disallowing a claim falls within the sound discretion of the court. *In re Flagstaff Foodservice Corp.,* 56 B.R. 910, 913 (Bankr.S.D.N.Y.1986). In light of the Supreme Court's directions in *Pioneer,* the Court will grant the Claimant's motion here and reconsider the order that had disallowed the claim.

This motion to reconsider is one of nine similar motions to reconsider disallowed claims. Although the legal analyses and conclusions in each of these matters are essentially identical, factual variations have required the preparation of a separate Order on each motion.

In this motion, the Claimant has contended that the failure to file a formal proof of claim before the filing deadline was based on excusable neglect because the Claimant did not receive notice of the claims filing deadline. The Claimant has also argued that she had communicated to the Debtor the existence, nature, and amount of the claim, and had expressed her intention to pursue the claim against the Debtor. The Claimant has asked that the Court determine that these actions constitute an informal proof of claim in the Bankruptcy case.

■ Pursuant to 11 U.S.C. § 1111(a), and Rule 3003(c)(2), FRBP, a creditor or equity security holder whose claim or interest is not scheduled or is scheduled as disputed, contingent, or unliquidated shall file a proof of claim within the time prescribed for such filing. Courts have determined that certain documents and actions may be recognized as informal proofs of claim so long as the Court and the debtor are apprised as to the existence, nature and amount of the claim, if ascertainable, and so long as the creditor's intention to hold the debtor liable is clearly stated. *In re Haugen Construction Services Inc.*, 876 F.2d 681, 682 (8th Cir.1989), *In re Charter Co.*, 876 F.2d 861, 863 (11 Cir.1989), *In re Standard Insulations, Inc.*, 138 B.R. 947, 958 (Bankr.W.D.Mo.1992).

Bankruptcy Rule 3003(c)(3) provides that the court "shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed".

Rule 9006(b)(1), (FRBP), permits a bankruptcy court to allow a late filing for cause shown if the claimant's failure to comply with an earlier deadline "was the result of excusable neglect".

Traditionally, a finding of excusable neglect required good faith on the part of the claimant and some reasonable basis for noncompliance, such as an unexpected or unavoidable hindrance or accident, or the claimant's reliance on promises made by an adverse party. *Pioneer*, —— U.S. at ——, 113 S.Ct. at 1502. Prior to the holding in *Pioneer*, several Circuits, including the Eighth, Fourth, Seventh, and Eleventh, had adopted a narrow view of excusable neglect under Rule 9006(b)(1) that required claimant's good faith, and a showing that the delay was caused by circumstances beyond the claimant's control. *See Hanson v. First Bank of South Dakota, N.A.*, 828 F.2d 1310, 1314–1315 (8th Cir.1987).

In *Pioneer*, the U.S. Supreme Court stated that excusable neglect was an equitable determination that must be based on all the relevant circumstances surrounding the omission. *Pioneer*, —— U.S. at ——, 113 S.Ct. at 1498. The Court used a non-exclusive balancing test to determine whether an entity's neglect to file a timely proof of claim was excusable. The circumstances that may be considered in this determination include the following:

1. The danger of prejudice to the Debtor if a delay is granted;

2. The length of the delay and its potential impact on judicial proceedings;

3. The reason for the delay, including whether the delay was beyond the reasonable control of the person whose duty it was to perform; and

4. Whether the creditor acted in good faith. *Pioneer*, —— U.S. at ——, 113 S.Ct. at 1498.

The Supreme Court did not find each factor to be of equal weight in the determination. While the third factor weighs heavily in favor of a finding of excusable neglect, the first, second and fourth factors must also be determined to be in the claimant's favor for the court to find excusable neglect. *Pioneer*, —— U.S. at ——, 113 S.Ct. at 1500. However, if the third factor weighs against the claimant but the first, second and fourth factors are in favor of the claimant, the court may find excusable neglect if the facts and circumstances of the case so require. *Pioneer*, —— U.S. at ——, 113 S.Ct. at 1499.

The Supreme Court took particular note of the "unusual form of notice" of the claims filing deadline that had been distributed in the *Pioneer* case. The dramatic ambiguity in the notice was found to be significant despite the admission by the creditor's counsel that he had actual notice of the claims bar date. In light of this ambiguity, and in light of a finding that was favorable to the claimant on the first, second and fourth factors, the Supreme Court found that the neglect by counsel was excusable. *Id.* at ——, 113 S.Ct. at 1500.

In the case at bar, the Court finds that the notice of the claims bar date that was prepared and distributed by the Debtor was ineffective. The form of the notice itself was inadequate to alert claimants and interest holders of the importance of the notice and of the consequences of a failure to file a formal Proof of Claim before the deadline. Under the caption "NOTICE", it advised that the Court had fixed April 15, 1993 as the last day for filing claims against the bankruptcy estate. No Proof of Claim form was provided to assist in the filing of a claim, and the claimants and interest holders were not advised of the effect of a failure to file the form prior to the filing deadline.

Furthermore, the notice was mailed at the same time that the Debtor mailed several other important documents including the Debtor's Chapter 11 Plan; the Debtor's Disclosure Statement; the Order that set the hearing date to consider the Disclosure Statement; and the Notice of the hearing on an application for compensation. While such a deluge of paper would not excuse an experienced bankruptcy attorney from adhering to the information and deadlines contained therein, it might overwhelm someone not as familiar with the procedures in a reorganization case. Therefore, this Court finds that the Debtor's form of notice of the claims filing deadline did not provide adequate notice of the necessity to file a formal Proof of Claim, or of the consequences of a failure to timely file a formal Proof of Claim.

### Prejudice to the Debtor

■ After a review of the record, the Court has determined that the Claimant had supplied the Debtor with verification and documentation in support of damages incurred by the Claimant. Additionally, the Debtor's attorney had been contacted with respect to this matter by means of a letter written by the Claimant's attorney in late August, 1992. The Court has determined further that as a result of these actions, the Debtor was apprised of the existence, nature and amount of the claim, and of the Claimant's intention to hold the Debtor liable. Therefore, the Court finds and concludes that the Claimant's actions, and the documents supplied to the Debtor constitute an informal proof of claim.

As confirmed by the Court, the Debtor's Plan of Reorganization established a fund in the amount of $90,000.00 for certain unsecured claims. This fund amount was based, in part, on the Debtor's assessment of its liability in pending personal injury suits such as that prosecuted by this Claimant. Thus, prior to the expiration of the claims filing deadline, the Debtor had notice of at least the amount claimed by this creditor. The Court finds and concludes that no unfair surprise or prejudice will result to the Debtor if this Claimant is allowed to file a proof of claim out of time.

There being no prejudice to the Debtor, the Court finds the first factor weighs in favor of the Claimant.

### Length of Delay and Impact on Judicial Proceedings

■ The Claimant submitted this request for permission to file a proof of claim out of time shortly after the publication of the Supreme Court's decision in *Pioneer*. This was within a reasonable time after the Claimant received notice from the Debtor that its objection to the allowance of the claim had been sustained. Under the Bankruptcy Rules, there is no time limit within which a motion to reconsider is to be filed. *See* Rules 3008 and 9023, FRBP. In the case at bar, the Claimant filed this motion to reconsider based on the holding in *Pioneer* in a timely manner. Furthermore, this motion for reconsideration was filed before the anticipated time that distributions were to have been

made to creditors in the Claimant's Class under the confirmed plan.

The second factor regarding the impact on the bankruptcy proceeding weighs in favor of the Claimant.

### Was Delay Within the Control of Claimant

Claimant and Claimant's attorney stated that neither had received notice of the claims filing deadline. However, even if the Claimant had received notice, the Court finds the notice sent by the Debtor was deficient. Thus, the Claimant cannot be charged with actual or constructive knowledge of the information set out on the form.

Additionally, the Court finds that the notice sent by the Debtor was ineffective to alert the Claimant or the Claimant's attorney that a claims filing deadline had been established. Therefore, the Claimant cannot be charged with having had knowledge of the filing requirement or of the deadline.

The Court finds and concludes that this consideration weighs in favor of the Claimant because no notice was received by this Claimant; and because the form of the notice was ineffective to alert the Claimant or Claimant's Attorney of the necessity to file a formal proof of claim prior to the deadline.

### Claimant's Good Faith

No party has charged the Claimant with bad faith in this matter. Furthermore, a careful review of this record has not suggested a lack of good faith by the Claimant.

The Court has determined that on a consideration of the record as a whole and consistent with the Supreme Court's decision in the *Pioneer* case, the Claimant's failure to timely file a proof of claim in this matter was the result of excusable neglect.

IT IS ORDERED that this matter is concluded; and that the Claimant's Motion to Reconsider is sustained; and that the Claimant's request for leave to file a proof of claim out of time is granted.