PER CURIAM:
 

 This case involves a debtor’s appeal from a bankruptcy judge’s denial of his motion for summary judgment regarding a lien on his property. Finding no final, appealable order in the case, we dismiss for lack of jurisdiction.
 

 I.
 

 Leonard E. Smith filed a Chapter 13 bankruptcy petition in March 1981. He inadvertently omitted from his list of creditors the First National Bank of Albany (the Bank), which had a judgment lien against his principal residence. At the end of October 1981, almost six months after the deadline for secured creditors to file their claims against Smith, but twenty days before the deadline for unsecured creditors to file their claims, Smith amended his bankruptcy petition to add the Bank as a creditor.
 

 On November 16, Smith filed an adversary proceeding to sell his principal residence free and clear of liens. The Bank filed an answer, asserting that it was a secured creditor of Smith’s and that its judgment lien in the property should be allowed. The Bank moved for summary judgment. Smith filed a cross motion for summary judgment, alleging that the Bank had failed to file timely its claim.
 

 While these motions were pending, the bankruptcy court ordered the property sold free and clear, but with all liens attaching to the proceeds. The Bank then filed a response to Smith’s motion for summary judgment, alleging that Smith’s failure to list the Bank as a creditor in the initial petition estopped him from relying on the deadline that applied to the creditors listed in the original petition.
 

 The bankruptcy court subsequently denied Smith’s motion for summary judgment against the Bank, stating that to grant Smith summary judgment “would work an inequitable result and deny [the Bank] due process of law where [it] did not receive timely notice.” Smith filed a notice of appeal one week later. On appeal, the district court affirmed the bankruptcy court’s order. Smith now appeals to us.
 

 II.
 

 We note first that, according to the record in the case, the bankruptcy judge has never granted the Bank summary judgment, entered an order expressly allowing its lien, or determined an amount of the
 
 *461
 
 proceeds to which the Bank should be entitled. Nor have the parties, upon our request to point out a final order, supplemented the record to show that the Bank’s claim has been allowed.
 

 Accordingly, we face a situation where the only order that has been entered is a denial of summary judgment. The denial of summary judgment is interlocutory in nature and is thus not appealable.
 
 See
 
 6 Moore’s Federal Practice ¶ 56.20(2) (1982). While some interlocutory orders were appealable prior to the Bankruptcy Reform Act of 1978,
 
 see Matter of Cross,
 
 666 F.2d 873 (5th Cir. Unit B 1982),
 
 *
 
 that act does not generally permit interlocutory appeals.
 
 See In re Regency Woods Apartments Ltd.,
 
 686 F.2d 899 (11th Cir.1982).
 

 Smith contends that the particular denial of summary judgment in this case is reviewable for two reasons. First, he argues, it possesses the requisite finality as expressed in the
 
 Forgay-Conrad
 
 rule (treating an order as final if it directs immediate delivery of physical property and subjects the losing party to irreparable injury if appellate review must await the final outcome of the litigation). Second, he asserts, the collateral order doctrine of
 
 Cohen v. Beneficial Industrial Loan Corp.,
 
 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), applies (allowing review of an interlocutory order if it involves an important question collateral to the primary litigation which has been fully resolved by the trial court.)
 

 Neither of Smith’s arguments take into account the nature of a denial of summary judgment. When a judge denies one party’s motion for a summary judgment, he merely preserves the status quo in the ease. He indicates only that the moving party has not presented a sufficient case to win outright at that point, i.e., he has failed to show the court that no genuine issue of material fact exists and that he is entitled to a judgment as a matter of law. The denial of Smith’s motion for summary judgment thus could not direct immediate delivery of physical property or cause irreparable injury as the
 
 Forgay-Conrad
 
 rule would require. Nor was it collateral to the litigation as the
 
 Cohen
 
 exception requires. Whether the Bank’s claim should be allowed was the heart of the litigation between the Bank and Smith. Moreover, the order was not conclusive; by its very nature a denial of summary judgment cannot be conclusive.
 

 At most, the tone of the bankruptcy judge’s denial of Smith’s motion for summary judgment showed that the judge, at the time he entered the order, was not inclined to resolve the claim in Smith’s favor. Without a further order in the case showing that the Bank’s claim was allowed, we have no final appealable judgment in the case, however. Accordingly, we must dismiss this case for lack of jurisdiction.
 

 DISMISSED.
 

 *
 

 In
 
 Stein v. Reynolds Securities, Inc.,
 
 667 F.2d 33 (11th Cir.1982), this court adopted as binding precedent all decisions of Unit B of the former Fifth Circuit handed down after September 30, 1981.