Lukely **RILEY, Plaintiff-Appellee,**

v.

**Louie L. WAINWRIGHT, Defendant-Appellant.**

**No. 86–5353**
**Non-Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

Dec. 23, 1986.

Rehearing Denied Jan. 28, 1987.

Jim Smith, Atty. Gen., Dept. of Legal Affairs, Susan A. Maher, Asst. Atty. Gen., Tallahassee, Fla., for defendant-appellant.

Peter M. Siegel, Florida Justice Institute, Inc., Randall C. Berg, Miami, Fla., for plaintiff-appellee.

Before GODBOLD, VANCE and JOHNSON, Circuit Judges.

PER CURIAM:

The defendant seeks to appeal from the denial of his motion for summary judgment. No appeal is available. 10 Wright, Miller and Kane, *Federal Practice and Procedure,* § 2715 (1983); *Pitney Bowes, Inc. v. Mestre,* 701 F.2d 1365, 1368 (11th Cir.1983); *In re Smith,* 735 F.2d 459, 461 (11th Cir.1984). Nor does this case fall within any of the narrow exceptions to the rule of nonappealability such as the collateral order doctrine. *See Smith,* 735 F.2d at 461. The appeal is DISMISSED.

### ON PETITION FOR REHEARING

PER CURIAM:

*Mitchell v. Forsyth,* 472 U.S. 511, 530, 105 S.Ct. 2806, 2817, 86 L.Ed.2d 411 (1985) held that "a district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment." In the present case the district court's denial of defendants' motion for summary judgment did not turn on an issue of law; the court denied defendants' claim of qualified immunity because the case required substantial factual development before it could be determined with finality whether Riley had been subjected to constitutional deprivation and, if so, whether some or all of the defendants were entitled to the benefit of qualified immunity. The district court's order is therefore not a final appealable decision.

In addition, the Supreme Court in *Mitchell v. Forsyth* specifically noted that it was expressing no opinion regarding the appealability of a denial of qualified immunity when the plaintiff's action involves claims for injunctive relief that will have to be adjudicated regardless of the resolution of any damage claims. *Id.* 105 S.Ct. at 2812 n. 5. Because Riley requested injunctive relief as well as damages, this case is not clearly controlled by *Mitchell v. Forsyth.*

Wainwright's petition for rehearing is DENIED.