909 F.2d 1486
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
In the Matter of PETTIBONE CORPORATION, a/k/a Beardsley &
Piper, a/k/a Johnston & Jennings, a/k/a Oceco, a/k/a
Pettibone Alabama, a/k/a Pettibone Mercury, a/k/a Barko
Alabama, a/k/a Barko Greenville, f/k/a Magnum Industries,
f/k/a Pettibone Mulliken, f/k/a Pettibone Georgia, f/k/a
Mercury Manufacturing, f/k/a Pettibone Minnesota, f/k/a
Pettibone New York, f/k/a Pettibone Wisconsin, f/k/a
Pettibone Westrac, f/k/a National Iron Company, f/k/a
Pettibone compaction, f/k/a Sure Seal Division, a Delaware
corporation, Barko Hydraulics, Incorporated, a Minnesota
corporation, Pettibone Michigan Corporation, a Michigan
corporation, Pettibone International Sales Corporation, a
Delaware corporation, Pettibone Tiffin Corporation, a/k/a
and f/k/a Hanson Machinery Company, an Ohio corporation,
Pettibone Ohio Corporation, a/k/a and f/k/a Cleveland Frog &
Crossing Company, and Ohio corporation, Pettibone Credit
Corporation, a Delaware corporation, Universal Engineering
Corporation, an Iowa corporation, and Pettibone Texas
Corporation, a Texas corporation, Debtors.
Appeal of Salvador SALCEDO.
 No. 89-3178.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 2, 1990.*
Decided Aug. 9, 1990.
 
 Before BAUER, CUDAHY and POSNER, Circuit Judges.
 
 ORDER
 
 1
 Salvador Salcedo contests the district court's opinion that his products liability lawsuit against Beardsley & Piper and Pettibone Corporation, debtors in this bankruptcy, is a claim subject to the bankruptcy process. We express no view as to the merits of Salcedo's position because we have no jurisdiction over the case. The order from which Salcedo attempts to appeal is not a final order, even under the relaxed standards of finality used in bankruptcy cases.
 
 
 2
 Pettibone Corporation and its affiliated entities (Pettibone) filed a petition for reorganization under Chapter 11 of the Bankruptcy Code on January 31, 1986. Pettibone's Plan of Reorganization was confirmed by the Bankruptcy Court on December 9, 1988. At the time of confirmation, Salcedo had only just been notified about the bankruptcy proceedings. Salcedo was not given an opportunity to vote on Pettibone's proposed plan. On July 10, 1989, Pettibone moved the district court to withdraw the reference of the case from the bankruptcy court, 28 U.S.C. Sec. 157(d), for the purpose of entering an order under 28 U.S.C. Sec. 157(c)(5) determining the proper forum for the trial of outstanding personal injury and wrongful death claims against the debtor.
 
 
 3
 Salcedo was one of the persons listed in Pettibone's motion to determine forum. Salcedo alleges that he was injured on January 8, 1988 (after the filing of bankruptcy but before confirmation) while operating a "roto-Mould-O-Matic" manufactured and maintained by Pettibone. Pettibone was first made aware of Salcedo's injuries on November 3, 1988, when Salcedo's lawyer wrote to company. Suit was filed against Pettibone in the California state courts on January 4, 1989 (after confirmation of Pettibone's plan of reorganization), alleging negligence, breach of warranty and strict tort liability.
 
 
 4
 Salcedo's response to Pettibone's motion to determine proper forum was an argument that his California suit against Pettibone did not constitute a "claim" in bankruptcy because the cause of action arose only after the filing for reorganization. He also argued that the court would be denying him due process of law if it subjected his personal injury cause of action to the bankruptcy process because he had not been given an opportunity to vote on the plan of reorganization. In essence, Salcedo wanted a judicial declaration that any recovery had in the California case would not be discharged in bankruptcy.
 
 
 5
 The district court was unmoved by Salcedo's argument. The court found the "claim" argument "wholly unpersuasive." It found the due process argument not ripe for decision. The court then held that, "[b]ecause Salcedo's counsel have not addressed the issues that must inform this Court's decision [as to the proper forum for the determination of the tort claim], it is not in a position to decide those matters."
 
 
 6
 Salcedo admits that this was not a final judgment; the question before the court was where certain tort claims should be heard, and there was no decision about which forum should hear Salcedo's case. More information was necessary before the district court could make any order at all. What is more, a determination of proper forum is not an appealable final order. It does not finally settle any claims between any parties. All it does is direct the flow of the action. It is a garden-variety procedural order which is not appealable until the end of the case. See, e.g., In re Smith, 735 F.2d 459 (11th Cir.1984) (order denying summary judgment in bankruptcy adversary proceeding was not appealable). Salcedo protests that the district court's rejection of the "claim" argument will be res judicata after determination of the amount of damages, thus dooming him to the fate of receiving only partial payment along with other unsecured creditors in the bankruptcy. To that extent, he argues, the order is final in a practical sense. We disagree that dischargeability of the obligation is res judicata. All that happened in the district court was that the court rejected Salcedo's reason for leaving the personal injury suit in the California courts. The proper way to determine whether a debt is dischargeable is to file an adversary proceeding in the bankruptcy court. Bankr.R. 4007. The court was not faced with a dischargeability question--the court was responding to Pettibone's motion to determine forum. A decision on dischargeability is not necessary to a decision on proper forum; even a decision that the personal injury claim should be heard in the district court in which the bankruptcy is being heard does not mean a fortiori that the claim is dischargeable.
 
 
 7
 Salcedo also urges us to accept jurisdiction of the case under the collateral order doctrine. Cohen v. Beneficial Industrial Loan Co., 337 U.S. 541 (1949); In re Powelson, 878 F.2d 976 (7th Cir.1989). The point here at issue does not qualify for an early appeal. The question of whether the debt possibly owing to Salcedo can be discharged is not "effectively unreviewable on appeal from a final judgment." Coopers & Lybrand v. Livesay, 437 U.S. 463, 468 (1978).
 
 
 8
 Salcedo is not adversely affected by the district court's decision; he is complaining about the implications of the court's language in reaching its decision. Unfortunately for Salcedo, "you cannot appeal from the implications of what a judge does as distinct from the order he actually enters." In re UNR Industries, Inc. 725 F.2d 1111, 1116 (7th Cir.1984).
 
 
 9
 DISMISSED.