**Sharon MOTT, Plaintiff,**

v.

**Jim LEDBETTER, Commissioner, Georgia Department of Human Resources, in his official capacity, the Georgia Department of Human Resources, Joe Tanner, Commissioner, Georgia Department of Natural Resources, the Georgia Department of Natural Resources, Thomas E. Hill, and Elizabeth Drinnon, Defendants.**

No. Civ. 1:91–CV–461 JEC.

United States District Court,
N.D. Georgia,
Atlanta Division.

Sept. 25, 1992.

Carlton R. Stewart, Atlanta, Ga., for plaintiff.

Charles M. Richards, Jeff L. Milsteen and Kattegummula P. Reddy, Office of State Atty. Gen., Atlanta, Ga., for defendants.

ORDER

CARNES, District Judge.

This case is presently before the Court on the Defendants' Motion for Summary Judgment [19–1], the Magistrate Judge's Report and Recommendation recommending granting in part the Defendants' motion for summary judgment [31–1], and the Defendants' Objections to the Magistrate Judge's Report and Recommendation [32–1]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that the

Magistrate Judge's Report and Recommendation should be adopted in part as the Order of the Court.

### A. The Magistrate Judge's Recommendations

The Magistrate Judge recommended denial of Defendants' motion for summary judgment as to Plaintiff's claims under Title VII for discriminatory failure to promote and train and for retaliation, finding that material questions of fact existed as to all these claims. He also recommended denying summary judgment on Plaintiff's state law claims for intentional infliction of emotional distress, assault, and battery. The Magistrate Judge recommended granting Defendants' motion for summary judgment as to Plaintiff's claims under 42 U.S.C. §§ 1981 and 1985, as well as to her claims under the Equal Pay Act.

As to Plaintiff's claims under 42 U.S.C. § 1983, the Magistrate Judge recommended granting summary judgment on the claims against the defendant agencies and the individual defendants in their official capacities, finding that the Eleventh Amendment barred such claims. He also recommended granting summary judgment on the § 1983 claims against Defendants Tanner and Ledbetter as these were based solely on a *respondeat superior* theory. Finally, the Magistrate Judge recommended denying summary judgment on Plaintiff's Equal Protection claim.

After having carefully reviewed the record and the Magistrate Judge's Report and Recommendation, the Report and Recommendation is approved and adopted as the Opinion and Order of the Court as to all of the above claims.

### B. Discrimination Complaints as Protected Speech

The Court does not accept the Magistrate Judge's legal conclusion that the filing of a complaint with the Office of Fair Employment Practices by the Plaintiff constituted protected speech. As the Magistrate Judge correctly observed, one circuit court of appeals has held, essentially without discussion, that the filing of a discrimination

complaint is an activity protected by the First Amendment. *Greenwood v. Ross*, 778 F.2d 448, 457 (8th Cir.1985). Two other circuit courts of appeal, however, have held that such a complaint is not protected speech when an employee is merely complaining of a "personal employment dispute" and not speaking on a matter of legitimate public concern. *Rice v. Ohio Dept. of Transp.*, 887 F.2d 716, 720–21 (6th Cir.1989), *vacated on other grounds*, 497 U.S. 1001, 110 S.Ct. 3232, 111 L.Ed.2d 744 (1990); *Yatvin v. Madison Metropolitan School District*, 840 F.2d 412, 419–20 (7th Cir.1988).

Neither the Supreme Court nor the Eleventh Circuit Court of Appeals have directly addressed the extent to which a formal employment discrimination complaint constitutes speech on a matter of public concern. However, in *Jones v. Georgia*, 725 F.2d 622 (11th Cir.), *cert. denied*, 469 U.S. 979, 105 S.Ct. 380, 83 L.Ed.2d 316 (1984), the Eleventh Circuit Court of Appeals faced the question of whether informal complaints by an employee about his working conditions were protected by the First Amendment. The court held that "[w]hatever the scope of 'legitimate public concern,' the phrase does not encompass [an employee's] complaints about his own situation." *Id.* at 624 (citation omitted). *See also Pearson v. Macon–Bibb County Hosp. Auth.*, 952 F.2d 1274, 1278–79 (11th Cir.1992) (nurse's complaints about operating room conditions merely concerned circumstances of her own employment and were not on a matter of public concern); *cf. Johnston v. Harris County Flood Control Dist.*, 869 F.2d 1565, 1576–78 (5th Cir.1989), *cert. denied*, 493 U.S. 1019, 110 S.Ct. 718, 107 L.Ed.2d 738 (1990) (employee's testimony at EEOC hearing was protected speech).

While these cases clearly do not definitively resolve the question at hand, they are sufficient to cause this Court to conclude that the law in this circuit does not favor a *per se* rule establishing any employment discrimination complaint as protected speech. Rather, the Court concludes that such a complaint is protected speech only when the employee is speaking on a

matter of legitimate public concern rather than merely complaining of a personal employment dispute.

In the present case, Plaintiff has not produced any evidence showing that her OFEP complaint was anything other than an attempt to advance her own personal employment situation. Thus, the complaint was not on a matter of public concern and is not protected by the First Amendment. As a result, she has not stated a valid constitutional claim and summary judgment is appropriate on her First Amendment § 1983 claim.

Accordingly, the Magistrate Judge's Report and Recommendation [31–1] is ADOPTED IN PART as the Opinion and Order of the Court and Defendants' Motion for Summary Judgment [19–1] is GRANTED IN PART and DENIED IN PART.

SO ORDERED.