United States Court of Appeals,

Eleventh Circuit.

No. 97-4270

Non-Argument Calendar.

Anais A. BADIA, Plaintiff-Appellee,

v.

CITY OF MIAMI, a municipal corporation, Defendant,

Wally Lee, individually and as Director of Department of Public Works, Defendant-Appellant.

Jan. 30, 1998.

Appeal from the United States District Court for the Southern District of Florida. (No. 94-2197-CV-WDF), Wilkie D. Ferguson, Jr., Judge.

Before TJOFLAT and COX, Circuit Judges, and RONEY, Senior Circuit Judge.

PER CURIAM:

In her amended complaint plaintiff Anais A. Badia ("Badia"), a former City of Miami Department of Public Works employee, claims that defendants the City of Miami and Wally Lee ("Lee"), former Director of the Department of Public Works, discriminated against her on the basis of gender, race, and national origin, in violation of 42 U.S.C. § 1983 and Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §§ 2000e to 2000e-17. Badia also asserted a 42 U.S.C. § 1983 claim that defendants violated her First Amendment free speech rights by terminating her employment and severance pay benefits in retaliation for filing an EEOC charge of discrimination and commencing this action. Defendant Lee, sued individually, moved for summary judgment on the ground of qualified immunity. The district court denied the motion. Lee appeals. Because qualified immunity shields Lee from Badia's § 1983 First Amendment claim but not from Badia's discrimination claims, we affirm in part and reverse in part.

Although the district court's decision regarding the merits of Badia's claims is not final, the court's denial of summary judgment on the basis of qualified immunity is an appealable interlocutory order. *See Mitchell v. Forsyth,* 472 U.S. 511, 530, 105 S.Ct. 2806, 2817-18, 86 L.Ed.2d 411 (1985); *Riley v. Wainwright,* 810 F.2d 1006, 1007 (11th Cir.1986). We accept as true all facts the district court assumed when it denied summary judgment on qualified immunity grounds. *See Walker v. Schwalbe,* 112 F.3d 1127, 1131 (11th Cir.1997), *petition for cert. filed,* 66 U.S.L.W. 3325 (U.S. Oct. 29, 1997) (No. 97-740); *Cooper v. Smith,* 89 F.3d 761, 762 (11th Cir.1996).

In order to defeat Lee's claimed entitlement to qualified immunity, Badia was required to proffer evidence which, viewed in the light most favorable to her, demonstrates that Lee violated clearly established statutory or constitutional rights of which a reasonable government official would have been aware. *See Tindal v. Montgomery County Comm'n,* 32 F.3d 1535, 1539 (11th Cir.1994); *Dartland v. Metropolitan Dade County,* 866 F.2d 1321, 1322 (11th Cir.1989). Construing the evidence in the light most favorable to Badia, the district court concluded that a genuine issue exists as to whether discrimination motivated Lee's treatment of Badia and the elimination of Badia's position in 1993. Such discrimination would violate clearly established rights of which a reasonable government official would have known. *See Nicholson v. Georgia Dep't of Human Resources,* 918 F.2d 145, 148 (11th Cir.1990). Therefore, qualified immunity does not entitle Lee to summary judgment on Badia's discrimination claims.

Badia's First Amendment claim turns on whether the "speech" was a matter of public concern. If only of purely personal concern, the speech is not protected by the First Amendment. We look to the "content, form, and context ...," *Connick v. Myers,* 461 U.S. 138, 147, 103 S.Ct. 1684, 1690, 75 L.Ed.2d 708 (1983), of Badia's speech to assess whether it "may be fairly characterized as constituting speech on a matter of public concern." *Tindal,* 32 F.3d at 1539

(citation and internal quotation marks omitted); *see also id.* (delineating four-part test to determine whether an employer's action constitutes illicit retaliation for protected speech); *Connick,* 461 U.S. at 148 n. 7, 103 S.Ct. at 1691 n. 7 ("The inquiry into the protected status of speech is one of law, not fact."). If it is unclear whether Badia's complaints were of the kind held to involve a matter of public concern, then Lee's alleged actions did not violate *clearly established* First Amendment rights and he is entitled to qualified immunity. *See Tindal,* 32 F.3d at 1539 (citing *Connick,* 461 U.S. at 147, 103 S.Ct. at 1690).

In her EEOC charge and original federal complaint, Badia discussed only harm that she personally suffered and sought damages only to remedy that personal harm. Generally, such speech which exposes personally suffered discrimination for personal benefit is not entitled to First Amendment protection. *See Tindal,* 32 F.3d at 1539 (citing *Morgan v. Ford,* 6 F.3d 750, 754-55 (11th Cir.1993), *cert. denied,* 512 U.S. 1221, 114 S.Ct. 2708, 129 L.Ed.2d 836 (1994)).

In an attempt to distinguish her speech from private grievances seeking redress for personal harm, Badia contends that her complaints deserve First Amendment protection because she filed a claim with the EEOC and a suit in federal court. Badia notes that this Court has held that an employee's federal court testimony in support of another plaintiff co-worker's discrimination suit constitutes speech on a matter of public concern and merits First Amendment protection. *See Tindal,* 32 F.3d at 1539-40. This Court, however, has not decided whether EEOC discrimination charges and federal court discrimination complaints which seek redress only for a plaintiff's personal injuries constitute "speech on a matter of public concern" by the plaintiff solely by virtue of the public fora in which the complaints are presented. *See Mott v. Ledbetter,* 806 F.Supp. 991, 992 (N.D.Ga.1992) ("Neither the Supreme Court nor the Eleventh Circuit Court of Appeals ha[s] directly addressed the extent to which a formal employment discrimination complaint constitutes speech on

a matter of public concern.").

There is a split of authority among the circuit courts of appeals which have decided this issue. *Compare Greenwood v. Ross,* 778 F.2d 448, 457 (8th Cir.1985) ("Appellant's filing of an EEOC charge and a civil rights lawsuit are activities protected by the first amendment."), *with Rice v. Ohio Dep't of Transp.,* 887 F.2d 716, 720-21 (6th Cir.1989) (because it related only to personal employment dispute, plaintiff's discrimination charge was not entitled to First Amendment protection), *vacated on other grounds,* 497 U.S. 1001, 110 S.Ct. 3232, 111 L.Ed.2d 744 (1990), *and Yatvin v. Madison Metro. Sch. Dist.,* 840 F.2d 412, 420 (7th Cir.1988). (The Eight Circuit's opinion in "*Greenwood* is ... inconsistent with our decision ...; we reject its per se rule."). *See also Mott v. Ledbetter,* 806 F.Supp. 991, 992 (N.D.Ga.1992) ("[T]his Court ... conclude[s] that the law in this circuit does not favor a *per se* rule establishing any employment discrimination complaint as protected speech.... [S]uch a complaint is protected speech only when the employee is speaking on a matter of legitimate public concern rather than merely complaining of a personal employment dispute.").

Therefore, it is not clearly established in this Circuit that an EEOC charge and a federal court complaint involving an otherwise purely personal matter are speech on a matter of public concern that are entitled to First Amendment protection. Lee's alleged actions did not violate clearly established First Amendment rights, and qualified immunity protects Lee from Badia's 42 U.S.C. § 1983 First Amendment claim.

Thus, we reverse in part and affirm in part. Defendant Wally Lee, in his individual capacity, is entitled to summary judgment on the basis of qualified immunity as to plaintiff Badia's 42 U.S.C. § 1983 First Amendment claim. As to all other claims, we affirm the denial of summary judgment on the basis of qualified immunity. This appeal does not involve any other ground for summary

judgment.

AFFIRMED IN PART and REVERSED IN PART.