**Raymond A. HENRY, Plaintiff,**

v.

**CITY OF TALLAHASSEE, Maurice Laws, individually, and Walter McNeil, individually, Defendants.**

No. 4:99CV482–WS.

United States District Court,
N.D. Florida,
Tallahassee Division.

Feb. 14, 2001.

Marie A. Mattox, Mattox & Hood PA, Tallahassee, FL, for Raymond A. Henry, plaintiffs.

Michael Patrick Spellman, Dawn Pompey Whitehurst, City Attorneys Office, John C. Cooper, Cooper, Coppins & Monroe, Gwendolyn Palmer Adkins, Cooper, Coppins & Monroe PA, Tallahassee, FL, for City of Tallahassee, Maurice Laws, Walter McNeil, defendants.

## ORDER GRANTING CITY OF TALLAHASSEE'S MOTION FOR JUDGMENT ON THE PLEADINGS

STAFFORD, Senior District Judge.

Plaintiff, Raymond A. Henry ("Henry"), filed a four-count second amended complaint in this case on March 10, 2000. Two of the counts, Counts III and IV, were dismissed by joint stipulation in September, 2000. Before the court at this time is the City of Tallahassee's motion (doc. 87) for judgment on the pleadings as to Counts I and II. In response (doc. 114) to the motion, Henry represents that he is not pursuing the claims alleged in Count I;

however, he opposes the motion with respect to Count II.

## I.

■ The City asks this court for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. Judgment on the pleadings is appropriate when the material facts are not in dispute and a judgment on the merits can be achieved by considering the content of the pleadings and any judicially noticed facts. 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1367 (2d ed.1990). All facts presented in the pleadings and the inferences to be drawn therefrom are viewed in the light most favorable to the nonmoving party. *Hawthorne v. Mac Adjustment, Inc.,* 140 F.3d 1367 (11th Cir.1998). Judgment on the pleadings is proper when the movant is entitled to judgment as a matter of law. *Ortega v. Christian,* 85 F.3d 1521, 1524 (11th Cir.1996).

## II.

In Count II of his second amended complaint, Henry seeks relief under 42 U.S.C. § 1983 for violation of his First Amendment rights. Specifically, he alleges that his employer, the City of Tallahassee (the "City"), retaliated against him based on his "prior filing of EEOC and Florida Commission on Human Relations charges of discrimination and a past lawsuit claiming race discrimination and retaliation." Second Am. Compl. at ¶ 35. The City contends that Count II must be dismissed because Henry's speech—his prior discrimination charges and past lawsuit—did not address matters of public concern and, therefore, did not deserve First Amendment protection.

## III.

■ To prove a retaliation claim cognizable under the First Amendment, a plaintiff must show that: (1) his speech was on a matter of public concern; (2) his First Amendment interest in engaging in the speech outweighed the employer's interest in prohibiting the speech; and (3) his speech played a "substantial part" in the employer's decision to discharge him. *Anderson v. Burke County,* 239 F.3d 1216 (11th Cir.2001). To fall within the realm of "public concern," an employee's speech must relate to a matter of political, social, or other concern to the community. *Connick v. Myers,* 461 U.S. 138, 146, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983). Absent extraordinary circumstances, First Amendment protection is unavailable when "a public employee speaks not as a citizen upon matters of public concern, but instead as an employee upon matters only of personal interest." *Connick,* 461 U.S. at 147, 103 S.Ct. 1684.

■ Whether an employee's speech may be fairly characterized as constituting speech on a matter of public concern is a question of law and not of fact. *Maggio v. Sipple,* 211 F.3d 1346 (11th Cir.2000). In deciding whether an employee's speech constitutes speech on a matter of public concern, a court must determine the "main thrust" of the employee's speech. *Morgan v. Ford,* 6 F.3d 750 (11th Cir.1993), *cert. denied,* 512 U.S. 1221, 114 S.Ct. 2708, 129 L.Ed.2d 836 (1994). In other words, a court must ascertain whether the employee spoke primarily as a citizen on behalf of the public or primarily as an employee upon matters of personal interest. *Connick,* 461 U.S. at 146, 103 S.Ct. 1684; *see also Morgan,* 6 F.3d at 754 (explaining that "the mere fact that the topic of the employee's speech was one in which the public might or would have had a great interest is of little moment"); *Maggio,* 211 F.3d at 1353 (stating that "the relevant inquiry is not whether the public would be interested in the topic of the speech at issue but rather is 'whether the purpose of

[the plaintiff's] speech was to raise issues of public concern' ") (quoting *Morgan,* 6 F.3d at 754).

■■■ When determining whether a plaintiff's speech is primarily directed to public or private concerns, a court must consider "the content, form and context of a given statement, as revealed by the whole record." *Connick* 461 U.S. at 147–148, 103 S.Ct. 1684. In applying the "content, form, and context" analysis, a court may consider the content of the speech, the employee's motivation in speaking, the forum of the speech, and the employee's efforts to communicate his concerns to the public. *Deremo v. Watkins,* 939 F.2d 908, 910 (11th Cir.1991).

The Eleventh Circuit has not expressly determined whether an employee's speech in the context of EEOC and/or state court proceedings—proceedings wherein the employee seeks redress for his or her own personal injuries—constitutes speech on a matter of public concern. *See Badia v. City of Miami,* 133 F.3d 1443, 1446 (11th Cir.1998) (explaining, in an action against individual defendants who raised a qualified immunity defense, that it was not clearly established in the Eleventh Circuit that an EEOC charge and a federal court complaint alleging gender, race and national origin discrimination constituted speech on a matter of public concern). Other circuits have split on the issue. The Eighth Circuit, for example, has held that the "filing of an EEOC charge and a civil rights lawsuit are activities protected by the first amendment." *Greenwood v. Ross,* 778 F.2d 448, 457 (8th Cir.1985). In contrast, the Seventh Circuit has expressly rejected *Greenwood's* per se rule and has determined that each EEOC charge and civil rights lawsuit must be evaluated on a case-by-case basis. *Yatvin v. Madison Metro. Sch. Dist.,* 840 F.2d 412, 420 (7th Cir.1988).

■■■ While the Eleventh Circuit has not resolved the specific question raised here, namely, whether an employee's complaints about racial discrimination and retaliation, made in the context of EEOC proceedings or in a state court lawsuit, constitute speech protected by the First Amendment, this court is confident that the circuit court would not favor a bright-line rule either establishing all, or rejecting all, discrimination charges and/or complaints as speech protected by the First Amendment. *See Peterson v. Atlanta Housing Auth.,* 998 F.2d 904 (11th Cir.1993) (explaining that "[t]here are simply no firm guidelines from which to work in determining whether speech is primarily of public concern or primarily personal"). Nonetheless, taking guidance from the Eleventh Circuit's decisions in cases involving similar issues, this court is convinced that when—in the context of a single-plaintiff EEOC charge or court complaint—an employee complains that he was the victim of discrimination and/or retaliation and does so for personal benefit, the main thrust of such speech will rarely, if ever, qualify as speech on a matter of "public concern." *See Maggio,* 211 F.3d at 1353 (holding that an employee's testimony at two administrative grievance hearings involving her supervisor—one hearing related to a grievance the supervisor filed after being charged with insubordination and a second related to the supervisor's administrative appeal of her termination—did not constitute speech on a matter of public concern); *Tindal v. Montgomery County Comm'n,* 32 F.3d 1535 (11th Cir.1994) (holding that an employee's in-court testimony in support of her co-workers' discrimination suit constituted speech on a matter of public concern); *Morgan v. Ford,* 6 F.3d at 750 (holding that an employee who filed her own sexual harassment charges against her supervisor, first with her depart-

ment's Internal Affairs Division, and then with the Georgia Office of Fair Employment Practices, did not speak on a matter of public concern but instead spoke to further her own private interest); *Jones v. Georgia,* 725 F.2d 622 (11th Cir.) (explaining that the phrase "public concern" does not encompass an employee's informal complaints about his own situation), *cert. denied,* 469 U.S. 979, 105 S.Ct. 380, 83 L.Ed.2d 316 (1984). That such speech might interest the public or relate to matters of public concern does not change the fact that the "main thrust" of the speech takes the form of a personal grievance.

### IV.

In this case, Henry makes the following allegations in his second amended complaint:

> The state court action and many if not all of the charges of discrimination filed by the Plaintiff raised issues of public concern, namely, without limitation, the discipline of police officers within Tallahassee Police Department for allegations of wrongdoing including crimes committed by sworn officers of the Tallahassee Police Department. The issues raised in the state action and in the Plaintiff's charges of discrimination also included matters involving racial practices adversely affecting not only Plaintiff but other black officers within the Police Department. He raised retaliation issues of public concern focusing on the mistreatment of the Plaintiff and other officers after they reported wrongdoing within the Police Department. The issues raised were not focused on matters affecting only a private grievant, to wit: the Plaintiff, but raised broader societal concerns about the discipline received by officers of the Tallahassee community for alleged violations of law and policy.
> . . . .

> The foregoing allegations establish a cause of action for violation of Plaintiff's right to free speech, right to petition, and right of access to courts. . . .

Second Am. Compl. at ¶¶ 11, 36.

 Defendant maintains that these allegations amount to nothing more than a self-serving attempt to characterize Henry's prior personal grievances as something they were not: namely, matters of public concern. In support of its position, the City has submitted copies of selected documents that were filed in Henry's 1994 state court discrimination/retaliation case. The City asks the court to take judicial notice of these documents under Rule 201 of the Federal Rules of Evidence. ·*See* Doc. 86. Together, the documents produced by the City reveal that, in state court, Henry sought personal relief for claims personal to him. His claims were not brought on behalf of others similarly situated, and his complaint did not include allegations related to any grievant other than himself. That Henry may have testified before the state court about the City's purported discriminatory and/or retaliatory practices, practices that may have affected other employees and that may have been of interest to the public, does not change the fact that his lawsuit "was driven by [his] own entirely rational self-interest in improving the conditions of [his] employment." *Morgan,* 6 F.3d at 755.

 The pleadings, moreover, do not support a different conclusion with respect to Henry's EEOC charges. In his second amended complaint, Henry states:

> Henry filed at least four (4) administrative charges of discrimination with the Florida Commission on Human Relations and EEOC claiming first that he was the victim of racial practices within the Tallahassee Police Department. In his later filings, he claimed that he was

the victim of racial practices and retaliation.

Second Am. Compl. at ¶ 10. These allegations reveal that, in his administrative charges, he spoke primarily, if not totally, upon matters of personal interest. Henry does not allege that the purpose of his administrative charges was to raise issues of public concern. He does not allege that the EEOC or the Florida Commission on Human Relations conducted hearings on his charges, much less hearings that were open to the public. To be sure, Henry alleges that "many if not all of the charges of discrimination filed by the Plaintiff raised issues of public concern." Second Am. Compl. at ¶ 11. The relevant inquiry, however, is not whether his charges raised issues of public concern. The relevant inquiry is, instead, whether the purpose of his charges was to raise issues of public concern. Because the pleadings reveal no such purpose, this court concludes that Henry's administrative charges, like his lawsuit, took the form of a private employee grievance. As such, his administrative charges were not protected by the First Amendment.

## V.

■ Henry alleges in his second amended complaint that the City violated not only his First Amendment right to freedom of speech, but also his First Amendment rights to petition and to access of the courts, the latter right being but one aspect of the right of petition. The City did not differentiate between the different aspects of Henry's First Amendment claims and, therefore, did not expressly address Henry's right to petition claims in its motion for judgment on the pleadings. Nevertheless, because the Eleventh Circuit has expressly held that the "public concern" requirement applies to First Amendment right to petition claims, just as it applies to freedom of speech claims, it is apparent that Henry's

right to petition claims cannot survive the analysis set forth above. *See Grigley v. City of Atlanta,* 136 F.3d 752 (11th Cir. 1998) (holding "that a public employee's claim of retaliation in violation of the First Amendment right to petition is subject to the public concern requirement").

## VI.

Because it is clear from the content of the pleadings and the judicially noticed facts that Henry filed administrative charges and a state court lawsuit to further his own private interests rather than to raise issues of public concern, this court finds that the City is entitled to judgment on the pleadings with respect to Henry's First Amendment claims.

Accordingly, it is ORDERED:

1. Defendant's motion (doc. 87) for judgment on the pleadings is GRANTED as to Count II of Plaintiff's complaint, and judgment shall be entered in the City of Tallahassee's favor on Count II of Plaintiff's complaint.

2. Count I of Plaintiff's complaint is DISMISSED as abandoned.

3. The clerk is directed to enter judgment accordingly.

4. All pending discovery motions are denied as moot. The magistrate judge's orders (docs. 55 & 60), entered on the docket on September 26, 2000, and October 11, 2000, are VACATED and set aside. Defendant's motion for sanctions (doc. 63) is DENIED.