[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 23, 2007
THOMAS K. KAHN
CLERK

No. 06-15029
Non-Argument Calendar

_____

D.C. Docket No. 03-00216-CV-CAR-5

JAMES SPENCER WHITEHEAD, JR.,

Plaintiff-Appellee,

versus

DR. ODERINDE, in his individual capacity,
KALU KALU, Doctor, in his individual capacity,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(January 23, 2007)**

Before WILSON, PRYOR and COX, Circuit Judges.

PER CURIAM:

Prisoner James Spencer Whitehead, Jr., sued Tydus Meadows, warden of the Men's State Prison in Hardwick, Georgia (MSP); Clayton Tatum, a guard at MSP; Dr. Bade Oderinde; and Dr. Kalu Kalu pursuant to 42 U.S.C. § 1983 for violation of his Fourteenth and Eighth Amendment rights. (R.1-16.) The district court granted summary judgment to Tatum and Meadows but denied Oderinde and Kalu (collectively, "the Doctors") summary judgment as to the Eighth Amendment claims against them. The Doctors bring this interlocutory appeal arguing that the district court erred in denying them qualified immunity at the summary judgment stage.

After a thorough review of the parties' responses to this court's jurisdictional question and the record on appeal, we find that we have jurisdiction to hear this interlocutory appeal. Considering the merits of the appeal, "[w]e accept as true all facts the district court assumed when it denied summary judgment on qualified immunity grounds." *See Badia v. City of Miami*, 133 F.3d 1443, 1445 (11th Cir. 1998) (citations omitted). The district court adopted the recommendation of the magistrate judge, saying, "[T]he Court agrees with the United States Magistrate Judge that a jury could find that the Defendant doctors failed to even try to diagnose Plaintiff's condition over a period of *more than two years*, relying instead on diagnoses that the treating doctors should have realized to be obviously incorrect. A jury then could find that taking such an avenue represents 'easier but less efficacious

2

treatment' in violation of the Eighth Amendment." (R.2-73 at1-2.) As stated by the magistrate judge, "[i]t is clearly established that a delay in treating an inmate's pain can render defendants liable as if they had inflicted the pain themselves, thereby becoming an Eighth Amendment violation." (R.2-71 at 5.) (citing *Brown v. Hughes*, 894 F.2d 1533, 1538 (11th Cir. 1990)); *see also McElligott v. Foley*, 182 F.3d 1248 (11th Cir. 1999). Therefore, qualified immunity does not entitle the Doctors to judgment at this stage of the proceedings.

AFFIRMED.