**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-12713
Non-Argument Calendar

————————————

MARIANO OSPINA BARAYA,

*Plaintiff-Appellant,*

*versus*

FRANCISCO JAVIER OSPINA BARAYA,
ANGELA MERCEDES OSPINA BARAYA,
RAFAEL IGNACIO OSPINA BARAYA,
PATRICIA HELENA OSPINA BARAYA,

*Defendants-Appellees.*

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:24-cv-24581-KMW

————————————

Before GRANT, LAGOA, and KIDD, Circuit Judges.

PER CURIAM:

Mariano Ospina Baraya appeals from the district court's July 9, 2025, order finding that he had not shown valid proof of service on any defendant and denying as moot his motion for summary judgment. We lack jurisdiction over the appeal.

Appellate jurisdiction generally is limited to final decisions of the district courts. 28 U.S.C. § 1291. "A final decision is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000) (quotation marks omitted). The collateral order doctrine, which is "best understood . . . as a practical construction of [the final decision rule]," allows for appeal of a nonfinal order if it conclusively resolves an important issue separate from the merits of an action and would be effectively unreviewable on appeal from the final judgment. *See Acheron Cap., Ltd. v. Mukamal*, 22 F.4th 979, 989 (11th Cir. 2022) (quotation marks omitted).

An order denying summary judgment is not a final decision under 28 U.S.C. § 1291 because it "amounts to a decision that the claim remains pending for trial and is therefore interlocutory." *Pitney Bowes, Inc. v. Mestre*, 701 F.2d 1365, 1369 (11th Cir. 1983). Nor is such an order generally appealable under the collateral order doctrine, because "by its very nature a denial of summary judgment cannot be conclusive." *In re Smith*, 735 F.2d 459, 461 (11th Cir. 1984). If a notice of appeal is filed from an interlocutory order that does not dispose of any claims or parties, a subsequent final order

25-12713                  Opinion of the Court                  3

generally does not retroactively validate the premature notice of appeal. *See Robinson v. Tanner*, 798 F.2d 1378, 1385 (11th Cir. 1986).

Here, the July 9 order was not final because it did not dispose of any of Baraya's claims. *See* 28 U.S.C. § 1291; *Pitney Bowes*, 701 F.2d at 1369. Nor is it appealable under the collateral order doctrine, because it (1) did not conclusively determine the disputed issue, as the court gave Baraya additional time to perfect service of process, and (2) could be effectively reviewed upon final judgment. *See Smith*, 735 F.2d at 461; *Acheron*, 22 F.4th at 989. Finally, although the district court later entered a final order dismissing the action, that does not cure Baraya's premature notice of appeal. *See Robinson*, 798 F.2d at 1385.

Accordingly, this appeal is DISMISSED, sua sponte, for lack of jurisdiction.