PER CURIAM.
 

 Debtor-appellant Giles World Marketing, Inc. (“Giles”) appeals from an order of the United States District Court for the District of Massachusetts affirming an order of the United States Bankruptcy Court which allowed Boekamp Manufacturing, Inc. (“Boekamp”) to perfect what both the district court and the bankruptcy court concluded was an informal proof of claim after the date of confirmation of Giles’s plan of reorganization. We conclude that we do not have jurisdiction over this appeal, and dismiss.
 

 The pertinent facts are as follows. In the summer of 1982, Boekamp brought an action against Giles in the United States Bankruptcy Court for the Southern District of California, where Boekamp was then a chapter 11 debtor, seeking damages in the amount of $546,434.52 plus interest. On November 3, 1982, Giles filed a chapter 11 petition in bankruptcy in the United States Bankruptcy Court for the District of Massachusetts; in a statement of financial affairs dated November 30, 1982, Giles listed Boekamp’s claim as disputed. Pursuant to 11 U.S.C. § 362(a)(1) (1982 & Supp. II 1984), the filing of Giles's chapter 11 petition automatically stayed Boekamp’s suit against Giles in the Southern District of California.
 

 On November 7, 1983, the Massachusetts Bankruptcy Court confirmed Giles’s plan of reorganization. Giles’s plan of reorganization made allowance for Boekamp’s participation as an unsecured creditor, but disputed the amount of Boekamp’s claim in its entirety. On November 22, 1983, Boekamp filed a formal proof of claim with the Massachusetts Bankruptcy Court, which Giles opposed,
 
 inter alia,
 
 on the ground that it was untimely. On January 16, 1984, the bankruptcy court entered an order allowing the filing of Boekamp’s formal proof of claim as an amendment to materials previously filed by Boekamp with the bankruptcy court. The district court affirmed the bankruptcy court by order dated October 1, 1985, and this appeal followed.
 

 Jurisdiction of the courts of appeals over bankruptcy appeals from the district
 
 *748
 
 courts is described in 28 U.S.C.A. § 158 (West Supp.1985), which provides in part,
 

 (a) The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees, and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to bankruptcy judges under section 157 of this title....
 

 [[Image here]]
 

 (d) The courts of appeals shall have jurisdiction of appeals from all final judgments, orders, and decrees entered under subsection[ ] (a) ... of this section.
 

 As section 158(d) makes clear, our jurisdiction is limited to appeals from
 
 final
 
 judgments, orders, and decrees of the district courts.
 
 [1]
 

 In re American Colonial Broadcasting Corp.,
 
 758 F.2d 794, 800 & n. 6 (1st Cir.1985).
 

 We have previously held that a “ ‘final judgment, order, or decree’ ” entered in a bankruptcy case “includes an order that
 
 conclusively
 
 determines a separable dispute over a creditor’s claim or priority.”
 
 In re Saco Local Development Corp.,
 
 711 F.2d 441, 445-46 (1st Cir.1983) (emphasis added).
 
 [2]
 
 This said, we do not believe that the district court’s affirmance of the bankruptcy court’s order allowing Boekamp to file a formal proof of claim “conclusively” determines the dispute between the parties. The district court’s order neither conclusively allows Boekamp’s claim against Giles nor determines what amount, if any, Giles may owe Boekamp.
 
 See, e.g., In re Fox,
 
 762 F.2d 54, 56 (7th Cir.1985) (district court’s order reversing disallowance of banks’ claims against bankrupt estate non-appealable where amount of claims uncertain);
 
 In re Sambo’s Restaurants, Inc.,
 
 754 F.2d 811, 813 (9th Cir.1985) (district court’s order granting leave to amend proof of claim ordinarily considered interlocutory rather than final in character);
 
 In re Smith,
 
 735 F.2d 459, 461 (11th Cir.1984) (per curiam) (district court’s order affirming denial of debtor’s motion for summary judgment against bank nonappealable where bank’s claim had yet to be allowed). Not only has Boekamp’s formal proof of claim not yet been allowed by the bankruptcy court, but under 11 U.S.C. § 502(a) (Supp. II 1984), Boekamp’s claim will be “deemed allowed” only if neither Giles nor any other party in interest objects.
 
 [3]
 

 Appeal dismissed. Costs to appellee.
 

 [1]
 

 .We need not address the question whether, under section 158(d), it might be appropriate in certain circumstances to assess finality with regard to the judgment, order, or decree of the
 
 bankruptcy
 
 court, because the district court’s action here was in full accord with that of the bankruptcy court. Where a bankruptcy court issues a final judgment, order, or decree that is subsequently reversed on appeal to the district court, the courts are divided as to whether finality is to be measured with regard to the non-final order of the district court or the final order of the bankruptcy court.
 
 See In re Commercial Contractors, Inc.,
 
 771 F.2d 1373, 1374-75 (10th Cir.1985) (discussing split in the circuits).
 

 [2]
 

 . In
 
 In re Saco,
 
 we were interpreting 28 U.S.C. § 1293(b) (1982), the predecessor statute to 28 U.S.C. § 158(d). However, the two statutes are "virtually identical, and the courts have accorded them the same meaning.”
 
 In re Commercial Contractors, Inc.,
 
 771 F.2d at 1374 n. 1.
 
 See also In re American Colonial Broadcasting Corp.,
 
 758 F.2d at 799-800.
 

 [3]
 

 . Indeed, Giles’s plan of reorganization indicates that Boekamp’s claim is subject to counterclaims in the amount of $159,938, and that Giles disputes Boekamp’s claim in the entirety.