**In re HAUGEN CONSTRUCTION SERVICES, INC.**

**FIRST AMERICAN BANK & TRUST OF MINOT, Appellant,**

v.

**BUTLER MACHINERY CO., Appellee.**

No. 88–5344.

United States Court of Appeals, Eighth Circuit.

Submitted May 12, 1989.

Decided June 7, 1989.

Richard P. Olson, Minot, N.D., for appellant.

Edward F. Klinger, Fargo, N.D., for appellee.

Before ARNOLD, Circuit Judge, BRIGHT, Senior Circuit Judge and FAGG, Circuit Judge.

PER CURIAM.

First American Bank & Trust of Minot (Bank) appeals the district court's [1] affirmance of a bankruptcy court [2] order permitting Butler Machinery Company (Butler) to amend its informal claim against the debtor, Haugen Construction Services, Inc. (Haugen), by filing a formal proof of claim. The Bank contends that Butler never made a timely informal claim that it could amend. We affirm.

Haugen filed a Chapter 11 bankruptcy petition on June 3, 1985. The Chapter 11

---

1. The Honorable Patrick A. Conmy, Chief United States District Judge for the District of North Dakota.

2. The Honorable William A. Hill, United States Bankruptcy Judge for the District of North Dakota.

schedules listed Butler as possessing an uncontested state court judgment against Haugen for $821,159.00. Butler participated extensively in the Chapter 11 proceedings, and, on May 22, 1986, the bankruptcy court granted Butler's motion to convert the case to a Chapter 7 proceeding.

On May 27, 1986, Butler's attorney sent a letter to the United States Trustee, which served as the acting trustee in the Chapter 11 proceedings. This letter stated that Haugen owed Butler about $800,000, and that Butler wanted a competent trustee appointed to pursue the matter in the Chapter 7 proceedings. Butler asked the United States Trustee to pass the letter on to the new trustee. Butler also requested that the new trustee contact Butler's attorney.

On June 3, 1986, the clerk of the bankruptcy court sent a notice to all of Haugen's creditors requiring them to file a proof of claim by September 22, 1986, regardless of whether the debt was listed in the Chapter 11 schedules.[3] Although Butler failed to do so, the bankruptcy court construed the letter as an informal claim and, on February 29, 1988, permitted Butler to amend that claim by filing a formal claim for the state court judgment of $821,159.00. *In re Haugen Construction Services, Inc.*, 88 B.R. 214, 218 (Bankr.D.N.D. 1988). The district court affirmed the bankruptcy court's decision, and the Bank appeals.[4]

In reviewing the amendment of informal claims in bankruptcy proceedings, we look to the following standard:

"Great liberality in permitting amendments of claims in bankruptcy proceedings is proper, but the statute requiring that a proof of claim in writing be filed is

clear, positive and unambiguous and it must not be nullified in the name of equity. If the record made within the statutory period, *formal or informal,* disclosed facts showing an assertion of a claim against the estate and an intention by the claimant to share in its assets, there would be a basis for the proposed amendment * * *."

*In re Donovan Wire & Iron Co.,* 822 F.2d 38, 39 (8th Cir.1987) (per curiam) (quoting *Tarbell v. Crex Carpet Co.,* 90 F.2d 683, 685–86 (8th Cir.1937) (emphasis added)). A valid informal claim need not be filed with the bankruptcy court. *County of Napa v. Franciscan Vineyards, Inc. (In re Franciscan Vineyards, Inc.),* 597 F.2d 181, 183 (9th Cir.1979), *cert. denied,* 445 U.S. 915, 100 S.Ct. 1274, 63 L.Ed.2d 598 (1980).

We conclude that Butler sufficiently made an amendable informal claim within the bar period under *Donovan.* Butler explicitly stated the nature and amount of its claim, and its desire to pursue that claim, in the letter it sent to the United States Trustee on May 27, 1986, five days after the bankruptcy court converted the case to a Chapter 7 proceeding. Moreover, Butler's active participation throughout the earlier bankruptcy proceedings demonstrated Butler's intent that the letter assert a claim. *See Anderson–Walker Indus. v. Lafayette Metals, Inc. (In re Anderson–Walker Indus.),* 798 F.2d 1285, 1288 (9th Cir.1986). Thus, the letter constituted a timely and amendable informal claim.

Accordingly, we affirm.

---

**3.** In a Chapter 11 case, a creditor must file a formal proof of claim only if his or her claim is listed in the schedules as disputed, contingent, or unliquidated. 11 U.S.C. § 1111(a) (1982). In the present case, the bankruptcy court held that such a creditor nevertheless must file a formal claim when a court later converts the case to Chapter 7.

**4.** Citing *Giles World Mktg., Inc. v. Boekamp Mfg., Inc.,* 787 F.2d 746 (1st Cir.1986), Butler argues that the district court's affirmance of the bankruptcy court's order permitting Butler to file a formal proof of claim is interlocutory and nonappealable. We disagree. The order in

question in *Giles* neither conclusively allowed the creditor's claim nor determined what amount, if any, the debtor owed the creditor. The debtor disputed the claim, and substantial issues remained for the bankruptcy court to decide. *Id.* at 748 & n. 3.

In the present case, however, Butler already has reduced its claim to judgment in state court, and the Chapter 11 schedules listed the claim as undisputed. Thus, the district court's order is final because unless some party later objects, the claim will be deemed allowed without any further action by the bankruptcy court. 11 U.S.C. § 502(a) (Supp. IV 1986).