**In re James and Wanda IRVINE, Debtors.**

**George L. MYERS, Appellant,**

v.

**Mark C. HALVERSON, Appellee.**

**No. 3–89 CIV 428.**
**Bankruptcy No. 3–86 BKY 1575.**

United States District Court,
D. Minnesota,
Third Division.

Aug. 16, 1989.

Michael Karp, Mankato, Mn., for appellant.

Mark C. Halverson, Mankato, Mn., trustee and atty. for bankruptcy estate.

## ORDER

ALSOP, Chief Judge.

The above entitled matter comes before the court on George L. Myers's appeal of the May 24, 1989, order of United States Bankruptcy Judge Gregory F. Kishel. On such an appeal "the bankruptcy court's findings of fact are not to be overturned unless clearly erroneous; however, the conclusions of law are subject to *de novo* review." *In re Martin,* 761 F.2d 472, 474 (8th Cir.1985); Bky. Rule 8013.

The facts relevant to the present appeal are as follows. Debtors James and Wanda Irvine completed a Chapter 7 bankruptcy filing on July 15, 1986. The first meeting of creditors was held on August 27, 1986. The original notice of the Chapter 7 bankruptcy case indicated that timely proof of claims had to be filed by November 25, 1986. On August 29, 1986, counsel for the Security National Bank of Amboy sent a letter to Mark Halverson, trustee of the estate, which included notes, security agreements, financing statements, and mortgages given by the debtors in favor of the bank. On that same day counsel for the bank served an "Objection to Exemptions Claimed by Debtors and Notice of Motion and Motion for Relief from Automatic Stay."[1] The bank later filed a formal proof of claim on December 22, 1986,

which claim was amended on April 22, 1987, as a totally unsecured claim. The claim by the bank has subsequently been assigned to George Myers, who is appellant in the present matter.

The dispute in this case centers around the treatment given to the documents mailed by appellant on August 29, 1986. The trustee advised the appellant that he was going to treat the formal proof of claim of December 22 as tardily filed. Upon learning this, Myers brought a motion in bankruptcy court seeking a decision that the August 29 correspondence and Objection constituted an informal proof of claim, rendering the December 22 formal proof of claim but an amendment to the August 29 claim. If the August 29 materials do indeed constitute an informal claim, Myers's claim would be considered timely filed.

The rule of law regarding amendments of informal claims in the Eighth Circuit is that:

> Great liberality in permitting amendments of claims in bankruptcy proceedings is proper, but the statute requiring that a proof of claim in writing be filed is clear, positive, and unambiguous, and it must not be nullified in the name of equity. If the record made within the statutory period, formal or informal, disclosed facts showing an assertion of a claim against the estate and an intention by the claimant to share in its assets, there would be a basis for the proposed amendment....

*In re Haugen Constr. Serv., Inc.,* 876 F.2d 681, 682 (8th Cir.1989), [quoting *In re Donovan Wire & Iron Co.,* 822 F.2d 38, 39 (8th Cir.1987) and *Tarbell v. Crex Carpet Co.,* 90 F.2d 683, 685–86 (8th Cir.1937) ]. Additionally, it has been stated that the claim referred to must state the amount, nature, and existence of such a claim. *In re Donovan Wire & Iron Co.,* 822 F.2d at 39.

Judge Kishel used this test and cited these cases on May 23, 1989, when he oral-

---

**1.** The motion for relief of the stay was to allow the bank's civil proceeding against debtors and James Irvine's parents to go forward.

ly explained the reasons for his order. He explicitly made a finding of fact that the correspondence of August 29 did not specifically assert an intention to make a claim against the estate, nor was it specifically directed to the trustee. Myers now brings this appeal on the grounds that the finding that the Objection and correspondence do not constitute an informal claim is clearly erroneous.

There is no dispute in this case but that the bankruptcy judge used the correct law in deciding this case. In several cases the Eighth Circuit has repeated that a claim, whether formal or informal, must show "an assertion of a claim against the estate and an intention by the claimant to share in its assets." *Id.* Although great liberality is to be permitted in amending claims, an informal claim cannot be so vague as to require the trustee to be a mind reader. The law requires that at a minimum, an informal claim must contain a written assertion of a claim against the estate. The bankruptcy judge in this instance made an explicit finding that the objections and correspondence of August 29 did not evidence an assertion of a claim against the estate. This court cannot say that that finding was clearly erroneous.

Accordingly, the May 24, 1989, order of the bankruptcy court is AFFIRMED.