**In re James A. HESS.**

**Bankruptcy No. 88–30119S.**

United States Bankruptcy Court,
E.D. Arkansas,
Jonesboro Division.

Dec. 16, 1992.

A. Jan Thomas Jr., Trustee, West Memphis, AR.

Warren E. Dupwe, Jonesboro, AR, for debtor.

Keith Moser, Little Rock, AR, for Cadle Co. II, Inc.

Robert Coleman, Blytheville, AR, for River Valley Sav. Bank, F.S.B.

### ORDER SUSTAINING OBJECTION TO FINAL REPORT

MARY D. SCOTT, Bankruptcy Judge.

This cause is before the Court upon two motions filed by the creditor, the Cadle Company II, Inc., a Motion for Extension of Time to File Claim, filed on October 13, 1992, and an Objection to Final Report and Account of Trustee, filed on September 13, 1992. The Cadle Company II, Inc. ("Cadle Company") objects to the final report of the trustee on the grounds that it does not provide for payment of its unsecured claim, notice of which was given to the trustee by letter on May 4, 1988. The trustee and another creditor, River Valley Savings Bank, F.S.B., ("the Bank") assert that the letter of May 4, 1988, is not a claim. Further, they object to any extension of time to file a proof of claim.

This Court need not address whether an extension of time to file a formal proof of claim is necessary because the letter of May 4, 1988, constitutes a proof of claim such that the objection to the accounting must be sustained and a distribution made to the Cadle Company. In order for a document, formal or informal, to constitute a claim, the creditor must demonstrate "an assertion of a claim against the estate and an intention by the claimant to

share in its assets." *In re Donovan Wire & Iron Co.*, 822 F.2d 38, 39 (8th Cir.1987). The claim need not be filed with the court to be valid. *In re Haugen Construction Services, Inc.*, 876 F.2d 681, 682 (8th Cir. 1989). *Haugen* is directly on point. Like the claim in *Haugen*, the creditor explicitly stated the nature and amount of its claim and its desire to pursue that claim, stating, "This company is the owner of an unsecured note purchased from the Federal Deposit Insurance Corporation in liquidation of the American Bank of Alma, Wisconsin." The letter continued to list the principal and accrued interest. The letter appended the supporting documents supporting the claim.

The Bank asserts that the Cadle Company did not intend to submit a claim by means of this particular letter. Drawing from the language in the letter requesting information regarding filing a formal proof of claim, the Bank argues that the letter is not a claim, formal or informal. The Bank misconstrues the language in *Donovan* and *Haugen*. *Donovan* requires that the document demonstrate "an intention to share in the assets" of the estate. *Donovan*, 822 F.2d at 39. *Haugen* expands on this tenet by finding that the letter evidenced "its desire to pursue that claim." The *Haugen* court also indicated that participation throughout the bankruptcy proceeding could indicate an intent to share in the assets such that the letter asserted a claim. *Haugen* did not require, as the Bank appears to assert, that the language of the letter itself expressly state that the letter itself was in fact a claim.

The intent described in *Donovan* and *Haugen* is an intent to share in the assets of the estate. The evidence at trial clearly indicated that the Cadle Company intended to share in the assets. The May 4, 1988, letter indicates the intention to share in the assets by its statement, "This company is the owner of an unsecured note." The requisite intent is further demonstrated by its complaint that it did not receive a particular form with which to file a formal proof of claim and the request for information on filing a formal claim. The testimony of the Cadle Company demonstrated that it fol-

lowed the conduct of these bankruptcy proceedings, reading and following the directions in the notices it received from the Bankruptcy Court and trustee's office. Indeed, once it received the trustee's accounting, it promptly filed an objection on the grounds that the trustee made no provision for payment of Cadle's share of the assets of the estate. Since the letter of May 4, 1988, constitutes a proof of claim which is entitled to share in the assets of the estate according to law, it is

ORDERED that the Objection to Final Report and Account of Trustee, filed on September 14, 1992, by The Cadle Company II, Inc., is SUSTAINED. An informal claim having been submitted, it is

FURTHER ORDERED that the Motion for Extension of Time to File Claim, filed on October 13, 1992, is GRANTED. The Cadle Company II, Inc., may file a formal amended Proof of Claim within fifteen (15) days of entry of this Order.

IT IS SO ORDERED.