### In re Hershel Preston MONTGOMERY, Debtor.

No. 01–61275.

United States Bankruptcy Court, W.D. Missouri.

Feb. 6, 2004.

Danny R. Nelson, Lathrop & Gage, Fred C. Moon, trustee, Raymond I. Plaster, Moon Plaster & Sweere, Springfield, MO, for debtor.

## MEMORANDUM OPINION

ARTHUR B. FEDERMAN, Chief Judge.

Debtor Hershel Preston Montgomery's former wife, Martha Montgomery, objected to the trustee's final report and proposed distribution in this Chapter 7 bankruptcy case. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) over which the Court has jurisdiction pursuant to 28 U.S.C. § 1334(b), 157(a), and 157(b)(1). The following constitutes my Findings of Fact and Conclusions of Law in accordance with Rule 52 of the Federal Rules of Civil Procedure as made applicable to this proceeding by Rule 7052 of the Federal Rules of Bankruptcy Procedure. For the reasons set forth below, I sustain Martha's objection. The Chapter 7 trustee shall amend his final report in accordance with this Opinion.

## FACTUAL BACKGROUND

On January 3, 2001, the Circuit Court of Greene County, Missouri entered a property differential judgment in favor of Martha in the amount of $311,845.29. On March 6, 2001, Martha obtained an order of garnishment, and on March 16, 2001, served it on Great Southern Bank, Commerce Bank, and Bank of America. On April 6, 2001, the sheriff turned over to Martha the sum of $60,427.00 from the garnishment of Great Southern Bank and the sum of $3,315.00 from the garnishment of Commerce Bank. The account at Bank of America consisted of stock, which needed to be liquidated. Bank of America liquidated the stock in the amount of $128,716.00, but had not turned such sum over to Martha on June 14, 2001, when Herschel filed this Chapter 7 bankruptcy case. On June 15, 2001, counsel for Herschel, Martha, and the Chapter 7 trustee stipulated that the sheriff could turn over to the trustee the sum of $128,716.00, subject to any future claims. On June 18, 2001, this Court entered that Order. On July 24, 2001, Herschel filed his bankruptcy schedules, and on schedule F he listed Martha as a creditor with a claim in the amount of $311,845.29. He did not list the claim as disputed or unliquidated. On August 1, 2001, the Court sent a notice to all creditors to file their proofs of claim on or before October 30, 2001. On August 22, 2001, the trustee conducted the section 341 first meeting of creditors. Martha did not file a formal proof of claim prior to the claims bar date.

On August 21, 2001, the trustee filed an objection to Herschel's claim of exemption as to the accounts at Great Southern Bank and Bank of America, which had been subject to the order of garnishment. On October 2, 2001, Martha filed a motion to intervene as to the trustee's objection. Martha agreed with the trustee that the two accounts were not exempt, but she maintained that she had a right to intervene to protect her property interest in the accounts based upon the property differential judgment entered on January 3, 2001. She also claimed a lien as to the funds garnished from Bank of America. In his response, the trustee maintained that the order of garnishment was not supported by a valid money judgment. On October 24, 2001, this Court entered an Order allowing the trustee to invest the funds in his possession, and allowing Martha to intervene for the limited purpose of determining her property interest.

On August 30, 2001, the trustee filed an adversary proceeding seeking to avoid the April 6, 2001, transfers to Martha.[1] On October 5, 2001, Martha filed an Answer in which she stated as an affirmative defense that "any recovery by Plaintiff, if any, should be set off against the money judgment held by Defendant and the claim of Defendant for unpaid maintenance or support pursuant to the Second Amended Judgment and Decree of Dissolution described by Plaintiff."[2] Ultimately, I found that Martha had a property interest in one-half the balance of the funds, as of January 3, 2001, in both the Great Southern and Bank of America accounts. Based upon the records presented, the Court found that Martha could retain the $60,427.00 she garnished from the Great Southern bank account, and that the trustee must pay to her the sum of $84,918.25 from the funds he held from the Bank of America account.

On May 20, 2002, following a hearing on May 16, 2002, this Court ruled on Herschel's motion to avoid the judicial lien of

---

1.  Adv. No. 01–6053.

2.  *Id.*, Doc. # 10, filed October 5, 2001.

Martha to the extent it impaired his homestead exemption. In that Order I found that, on the date of the bankruptcy filing, Martha held a judicial lien in the amount of $193,176.98. I found that the value of debtor's real estate was $143,300.00, that the real estate was encumbered by a first deed of trust in the amount of $42,193.94, and that Herschel was entitled to his homestead exemption in the amount of $8,000.00. I, therefore, found that the real estate had non-exempt equity in the amount of $93,106.06 to which Martha's lien could attach. I, thus, found that Martha's judicial lien was avoided to the extent the lien exceeded the sum of $93,106.06. While not specifically stated in the Order, the remainder of Martha's lien, therefore, became an unsecured claim. Since that finding on May 20, 2002, the holder of the first deed of trust foreclosed on Herschel's real estate and Martha realized the sum of $66,436.00, which she applied toward the judgment. She now claims an unsecured claim in the amount of $126,740.72.

When the trustee filed his final report and proposed distribution, he failed to include Martha as a claimant. The trustee reported unsecured claims in the amount of $211,084.78 and funds for distribution in the amount of $23,355.13, resulting in a distribution of 11.06 percent. Martha objected to the final report. On January 28, 2004, this Court held a hearing. At the hearing counsel for Martha announced that Martha has now filed an amendment to her informal proof of claim. He argued that the interaction between Herschel, Martha, and the trustee before the bar date made the trustee fully aware of her claim, and that the pleadings, taken together, are an informal proof of claim. The trustee argued that Martha's proof of claim is time-barred. Alternatively, the trustee argued that Martha holds, at best, a tier-two claim as a result of a late filing, and that there are no funds available for distribution to tier-two claims.

## DISCUSSION

■ Section 726 of the Bankruptcy Code determines the priority scheme for distribution of property of the estate. It provides that payment to unsecured creditors who do not file a timely proof of claim occurs after payment to unsecured creditors who filed in a timely manner:

(a) Except as provided in section 510 of this title, property of the estate shall be distributed—

(1) first, in payment of claims of the kind specified in, and in the order specified in, section 507 of this title, proof of which is timely filed under section 501 of this title or tardily filed before the date on which the trustee commences distribution under this section;

(2) second, in payment of any allowed unsecured claim, other than a claim of a kind specified in paragraph (1), (3), or (4) of this subsection, proof of which is—

(A) timely filed under section 501(a) of this title;

(B) timely filed under section 501(b) or 501(c) of this title; or

(C) tardily filed under section 501(a) of this title, if—

(i) the creditor that holds such claim did not have notice or actual knowledge of the case in time for timely filing of a proof of such claim under section 501(a) of this title; and

(ii) proof of such claim is filed in time to permit payment of such claim;

(3) third, in payment of any allowed unsecured claim proof of which is tardily filed under section 501(a) of

this title, other than a claim of the kind specified in paragraph (2)(C) of this subsection.[3]

It is undisputed that Martha knew about Herschel's bankruptcy case, therefore, if I find the pleadings are not sufficient to constitute an informal proof of claim, Martha's proof of claim is not timely filed, and is subject to payment after payment of all timely-filed claims. And, the trustee is correct that there are no funds available for distribution to late-filed claims. Thus, the only issue before me is whether, prior to the bar date of October 30, 2001, Martha filed any pleadings in this court that were sufficient to constitute an informal proof of claim subject to amendment by the recently-filed proof of claim.

The "informal proof of claim" is a common law doctrine whereby courts treat filings that do not conform to the formal requirements of the Federal Rules of Bankruptcy Procedure as informal proofs of claim that can be amended to conform to such rules.[4] Rule 3001(a) requires that a "proof of claim is a written statement setting forth a creditor's claim. A proof of claim shall conform substantially to the appropriate Official Form."[5] In other words, a proof of claim must contain (1) the name and address of the creditor; (2) the basis for the claim; (3) the date the debt was incurred; (4) the classification of the claim; (5) the amount of the claim; and (6) documents to support the claim.[6]

In the Sixth Circuit there are four elements required to validate an informal proof of claim. An informal proof of claim is valid if it is in writing, if it contains a demand by the creditor on the debtor's estate, if the writing expresses an intent to hold the debtor liable for the debt, and if the writing is filed with the bankruptcy court.[7] Once validity is determined, the court must then decide whether allowing the claim would be prejudicial to other creditors.[8]

In the Eighth Circuit, there is no requirement that the writing be filed with the bankruptcy court.[9] Instead, the creditor must clearly state the nature and amount of its claim, and its desire to pursue that claim in the debtor's bankruptcy estate.[10] In *Haugen Construction Services, Inc.* the creditor failed to file a timely proof of claim, but, prior to the bar date, it sent a letter to the United States Trustee stating the nature and amount of its claim, and its desire to pursue its judgment debt against debtor.[11] The creditor also actively participated in the case throughout the earlier bankruptcy proceedings, demonstrating its intent that the letter asset a claim.[12] The Eighth Circuit held that the letter to the United States Trustee constituted a timely and amendable informal claim.[13]

Thus, in order to have pleadings collectively considered an informal proof of claim in the Eighth Circuit, the creditor

3. 11 U.S.C. § 726(a)(1), (2), and (3).

4. *Barlow v. M.J. Waterman & Assoc., Inc. (In re M.J. Waterman & Assoc., Inc.)*, 227 F.3d 604, 608 (6th Cir.2000).

5. Fed. R. Bankr.P. 3001(a).

6. *M.J. Waterman*, 227 F.3d at 608.

7. *Id.* at 609.

8. *Id.* at 611.

9. *First American Bank & Trust v. Butler Machinery Co. (In re Haugen Construction Services, Inc.)*, 876 F.2d 681, 682 (8th Cir.1989).

10. *Id.*

11. *Id.*

12. *Id.*

13. *Id.*

must, at a minimum, clearly state in a writing related to the case its desire to pursue such claim in the debtor's bankruptcy estate.[14] In this case Martha did that. She first asserted her intention to pursue her claim in her motion to intervene on the exemption issue, and then again in her Answer to the trustee's suit against her. Both pleadings were filed by Martha prior to the bar date. I find that those pleadings clearly put all parties in interest on notice that Martha held a judgment debt in the amount of $311,845.29, and that she was asserting a claim against the bankruptcy estate based on that judgment. Thus, I find that the pleadings constitute an valid informal proof of claim.

The remaining issue is whether allowing this claim, and the attendant amendment thereto, would cause unnecessary prejudice to the other creditors of the estate. The trustee has available for distribution the sum of $23,355.13. The unsecured claims total $211,084.78, without Martha's claim for $126,740.72, and $337,825.50, with Martha's claim. The trustee, in his final report, proposed to distribute 11.06 percent on the unsecured claims. If Martha's claim is allowed, each unsecured creditor will realize 6.9 percent on its claim. Using Martha's claim as an example, she will receive approximately $8,745.11 on her claim. While any decrease in distribution is prejudicial to creditors, they have not yet received the funds, and all parties to this bankruptcy have been aware of Martha's claim since the filing date. Rather than being prejudiced, the failure to include Martha's claim would produce a windfall for the other creditors at her expense. I, therefore, find that allowing Martha to amend her valid infor-

mal proof of claim is not unduly prejudicial to the other creditors.

The trustee argued that he abandoned other real estate on which Martha also held a lien. Counsel for Martha claimed that there was no equity in the real estate, and Martha elected not to execute thereon. In any event, that is an issue to be addressed in an objection to the amount of Martha's amended proof of claim. It is not properly before this Court at this time.

I will, therefore, sustain Martha's objection to the trustee's final report. The trustee has 30 days from the date of this Memorandum Opinion to file an objection to Martha's amended proof of claim.

An Order in accordance with this Memorandum Opinion will be entered this date.

---

**14.** *First American Bank & Trust v. Butler Machinery Co. (In re Haugen Construction Services, Inc.),* 876 F.2d 681, 682 (8th Cir.1989).