Phyllis M. Jones, United States Bankruptcy Judge
Before the Court is the Objection to Claim filed by the Debtor, Sammy Alsofari (the "Debtor "), objecting to the formal proof of claim filed by Allowey Ahmed ("Mr. Ahmed "), together with the Response to Objection to Claim filed by Mr. Ahmed. A hearing on the objection and response was held on September 15, 2017. The Debtor argued that Mr. Ahmed's formal proof of claim should be disallowed because it was filed after the deadline for filing proofs of claim. Mr. Ahmed argued that he had an informal proof of claim, and his formal proof of claim should be allowed as an amendment to the informal proof of claim.
Following the hearing, the Court took the matter under advisement. For the reasons stated below, the Debtor's objection is sustained, and Mr. Ahmed's claim is disallowed.
Jurisdiction
The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B). The following constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052, made applicable to this contested matter by Federal Rule of Bankruptcy Procedure 9014.
Findings of Fact
The Debtor and Mr. Ahmed are former business partners. Prior to the bankruptcy filing, the parties agreed to end their business relationship and divide their businesses as reflected in a certain document styled "Arbitration Agreement and Judgment," dated May 19, 2013, and a corresponding amendment thereto dated June 2, 2013 (collectively, the "Agreement "). (Debtor's Ex. 4, at 6-14). According to the Agreement, the Debtor was to receive the business known as The Tire Shoppe in Little Rock, Arkansas, and Mr. Ahmed was to receive the business known as Famous Tire Shop LLC in North Little Rock, Arkansas. (Debtor's Ex. 4, at 6-7). Mr. Ahmed's auto accessories business in Arkansas is currently being operated by his son.
Mr. Ahmed testified that as a result of the division of the businesses, the Debtor owed him $115,500.00 and owed $100,000.00 to a private investor, Khalil Azazi (the "Private Investor "). (Debtor's Ex. 4, at 4, 7-8). The Debtor made several payments to Mr. Ahmed on the $115,500.00 debt, and Mr. Ahmed believed the balance was "probably ... about 90-something thousand" dollars. (Tr. at 38). Mr. Ahmed testified he is not certain about the total amount of debt owed to him by the Debtor because he does not know if the Debtor has paid the $100,000.00 debt to the Private Investor. Mr. Ahmed explained that he believes he will be liable to the Private Investor if the Debtor fails to pay the $100,000.00. In the event Mr. Ahmed is required to pay the Private Investor, he believes the Debtor would have to reimburse him for doing so pursuant to the Agreement.
*62 Sometime after the Agreement was entered into, the Debtor ceased paying Mr. Ahmed, and Mr. Ahmed took legal action to collect his debt. He sought relief in state court, but the action was removed to federal court. On the eve of the trial in federal court, the Debtor filed for bankruptcy relief. The Debtor admitted the upcoming federal court trial caused him to file bankruptcy.
The Debtor filed a voluntary petition for relief under the provisions of Chapter 13 of the United States Bankruptcy Code on January 27, 2017. (Debtor's Ex. 1). The notice of the Chapter 13 filing (the "Case Filing Notice ") provided that the Debtor's 341(a) meeting would be held in Little Rock, Arkansas, on March 3, 2017, and that June 1, 2017, was the deadline set for all creditors (except governmental units) to file a proof of claim in the case. (Debtor's Ex. 2, at 3). It is undisputed that Mr. Ahmed received the Case Filing Notice at his address in Brooklyn, New York, but did not file a formal proof of claim by the June 1, 2017 deadline.
Although the Debtor's 341(a) meeting was originally scheduled for March 3, 2017, he did not appear because he had not yet filed his schedules in the case. (Creditor's Ex. 3). On March 10, 2017, the Debtor filed his schedules, which reflected a contingent, disputed debt owed to Mr. Ahmed in the amount of $147,638.77. (Creditor's Ex. 4). The Private Investor was not listed as a creditor in the Debtor's schedules. (Creditor's Ex. 4).
The 341(a) meeting was rescheduled for April 14, 2017. The Debtor did not appear at the meeting or file a motion to continue the meeting. Unaware that the Debtor would not attend, Mr. Ahmed and his attorney both appeared at the April 14, 2017 meeting. The Debtor explained that he did not attend the meeting because his religious practice prohibited him from attending the meeting on a Friday afternoon. (Creditor's Ex. 3). The Court finds the Debtor's testimony on this issue credible.
On April 24, 2017, Mr. Ahmed's attorneys filed a Notice of Appearance and Request for Service of Notice (the "Notice of Appearance ") in the Debtor's bankruptcy case. (Debtor's Ex. 3). The Notice of Appearance identified Mr. Ahmed as a "creditor" and requested that copies of "all notices and pleadings pursuant to Bankruptcy Rules 2002(a), (b), and (f), and 3017(a)" be addressed to Mr. Ahmed's attorneys. (Debtor's Ex. 3, at 1). The Notice of Appearance did not state the nature or amount of Mr. Ahmed's claim or explicitly state Mr. Ahmed's intent to pursue a claim or hold the Debtor liable.
Upon request of the Debtor, the 341(a) meeting was rescheduled a third time for May 22, 2017, at which time the Debtor did appear. Ms. Kellie Emerson Holt, a staff attorney for the standing Chapter 13 Trustee assigned to this case, conducted the meeting, which lasted over an hour. Mr. Ahmed and his attorney appeared and asked the Debtor questions. Mr. Ahmed was asked by his counsel if part of the reason he attended the first meeting, "along with enforcing [his] claim," was to determine how much the Debtor had paid the Private Investor. (Tr. at 51). He answered yes. Mr. Ahmed questioned the Debtor about the debt to the Private Investor, but testified that the Debtor was not clear on how much he had paid to the Private Investor.
Ms. Holt testified regarding the first meeting stating the Debtor did not deny that he owed money to Mr. Ahmed. When asked whether, based on her experience, she believed Mr. Ahmed appeared to be "trying to enforce [his] rights in this bankruptcy" Ms. Holt responded that Mr. Ahmed was "very adamant about his claim." (Tr. at 25). No other pertinent testimony *63 was given regarding the specific questions asked or answers given at the first meeting.
On June 5, 2017, four days after the deadline for filing proofs of claim, Mr. Ahmed timely objected to the confirmation of the Debtor's original plan. In the objection, he stated that he was a general unsecured creditor by virtue of the promissory note and Agreement, which were attached to the objection. (Debtor's Ex. 4, at 1). He alleged that the plan was not filed in good faith, the Debtor did not propose to pay all disposable income into the plan, and the Debtor failed to list all of his creditors in the case. (Debtor's Ex. 4). The objection was withdrawn as moot after the Debtor filed a modified plan. (Debtor's Ex. 5). On June 30, 2017, Mr. Ahmed objected to the Debtor's modified plan for many of the same reasons he objected to the Debtor's original plan. (Creditor's Ex. 1). Neither objection stated the amount of Mr. Ahmed's claim.
The proof of claim at issue in this case (the "Formal Proof of Claim ") was filed on June 30, 2017, as an unsecured claim in the amount of $147,638.77, the same amount listed on the Debtor's schedules. (Debtor's Ex. 6, at 2). The attached "breakdown of claim" indicated that the claim amount of $147,638.77 was based on the Agreement and stated that "Mr. Ahmed is attempting to determine if [the Debtor] paid certain creditors according to the [Agreement] and the total amount owed on the claim may change." (Debtor's Ex. 6, at 13). Mr. Ahmed was adamant that he holds "genuine claims," that he "would like to get [his] full rights, whatever the law allows [him]," and that he "will continue to fight for [his] rights." (Tr. at 44).
Mr. Ahmed testified that the amount on his Formal Proof of Claim was "supplied" by the Debtor. (Tr. at 48). The Debtor testified that he did not know how the scheduled claim amount was determined. He acknowledged the existence of the Agreement but stated that he no longer believes he owes Mr. Ahmed or the Private Investor money "[b]ecause it was a scam." (Tr. at 59). He admitted, however, that he believes Mr. Ahmed is trying to get paid on his claim, and he does not believe Mr. Ahmed has waived that right.
Ms. Holt testified that the Chapter 13 Trustee has not objected to Mr. Ahmed's Formal Proof of Claim, and the filing of the claim has not created a burden on the Trustee's office in administering the estate. She stated that the total amount of unsecured claims filed in the case is about $191,908.00, including the $147,638.77 claim filed by Mr. Ahmed.
Ms. Holt was also asked whether "[d]uring this bankruptcy case" she and counsel for Mr. Ahmed had discussed "at length" issues believed to exist in the case. (Tr. at 25). She responded: "We've had some phone calls, that's correct." (Tr. at 25). She also answered in the affirmative when asked whether Mr. Ahmed and his attorney had been "heavily involved" in this case. (Tr. at 26). No testimony was given regarding the nature or content of the telephone calls, or what specific actions were taken by Mr. Ahmed and his counsel to constitute "heavy involvement" in the case. In addition, it was unclear from the record whether the phone calls and "heavy involvement" occurred prior to or subsequent to the proof of claim deadline.
Arguments
The Debtor argues that the Formal Proof of Claim should be disallowed under Section 502(b)(9) of the Bankruptcy Code because it was untimely filed. He argues that pursuant to Rule 3002 of the Federal Rules of Bankruptcy Procedure Mr. Ahmed was required to file his formal proof of claim by the June 1, 2017 deadline *64 because none of the six exceptions listed in Rule 3002 apply. He further argues that under Eighth Circuit precedent, to qualify as an informal proof of claim, there must be a document filed within the bar period that specifically states the nature and amount of the claim and evidences an intent to pursue the claim and hold the debtor liable. He argues that no document meeting these elements was filed prior to the June 1 bar date. Finally, he argues allowing the late filed claim would be prejudicial to the Debtor and other unsecured creditors.
In his response to the objection, Mr. Ahmed argues his objections to confirmation and his attendance at the meetings of creditors constitute an informal proof of claim, especially considering the Debtor's delays during the case. At the hearing, Mr. Ahmed similarly argued that his objections to confirmation constituted an informal proof of claim. He also argued that the Notice of Appearance asserting his status as a creditor, while not enough in and of itself, helped to establish an informal proof of claim.
Mr. Ahmed further argued that while the Eighth Circuit standard for evaluating informal proofs of claim requires the informal proof of claim to be documented before the bar date, the creditor's participation in the case and the debtor's knowledge of the debt should also be considered. In making these arguments, Mr. Ahmed urged the Court to review a line of cases from the Fourth Circuit.
Under the Fourth Circuit cases, Mr. Ahmed argued that the issue before the Court is discretionary with the Court, and the overriding factor should be whether the creditor has done enough to put the parties on notice that he intends to pursue his rights in the bankruptcy case. Mr. Ahmed argued that he has been an active participant in the case and has made his intent to pursue his claim known to all parties; that he has vigorously advocated his rights by pursuing this case from arbitration to state court, to federal court, and now to bankruptcy court; that he attended two first meetings of creditors, which was one more than the Debtor attended; that he actively participated in the third scheduled first meeting of creditors; that his collection actions caused the Debtor to file bankruptcy; that he has communicated with the Chapter 13 Trustee's staff attorney about issues in the case in an effort to increase the distributions to unsecured creditors; and that the Debtor is the only party objecting to his Formal Proof of Claim.
Mr. Ahmed also argued that the Debtor's own delays in the case, both in delaying the filing of his schedules and plan and in attending his 341(a) meetings, are unique circumstances to be considered in determining whether the claim should be allowed. Mr. Ahmed argued that these delays caused the deadline for objecting to the confirmation of the Debtor's original plan to fall after the proof of claim bar date, which at least in part caused the Formal Proof of Claim to be untimely filed. In concluding, Mr. Ahmed requested the Court allow his Formal Proof of Claim as an amendment to his informal claim based on the equities of the case.
Discussion
In Chapter 13 cases, an unsecured creditor must file a proof of claim for his claim to be allowed, except as provided for in certain exceptions not applicable in this case. FED. R. BANKR. P. 3002(a). The deadline for filing proofs of claim in a Chapter 13 case is "90 days after the first date set for the meeting of creditors."[1]
*65 FED. R. BANKR. P. 3002(c) (amended Apr. 27, 2017, effective Dec. 1, 2017). Rule 9006(b) of the Federal Rules of Bankruptcy Procedure addresses enlarging the deadline for filing proofs of claim and provides that the court "may enlarge the time for taking action under Rule[ ] ... 3002(c) ... only to the extent and under the conditions stated in [that] rule[ ]." FED. R. BANKR. P. 9006(b)(3). There are six[2] enumerated circumstances in which the deadline to file proofs of claim may be enlarged under Rule 3002(c), none of which apply to the facts in this case. See FED. R. BANKR. P. 3002(c)(1)-(6) (amended Apr. 27, 2017, effective Dec. 1, 2017). The excusable neglect standard of Rule 9006(b)(1), while available in Chapter 11 cases, is not available in Chapter 13 cases to enlarge the time to file proofs of claim. Aboody v. United States (In re Aboody), 223 B.R. 36, 37-38 (1st Cir. BAP 1998) (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) ). Untimely filed proofs of claim may be disallowed. 11 U.S.C. § 502(b)(9) (2012).
The Eighth Circuit Court of Appeals in In re Faulkner , 161 F. 900 (8th Cir. 1908), discussed the necessity of the limitation period for filing proofs of claim. There, the Court stated:
The limitation of time within which proofs of claim should be made must necessarily be observed. Such disposition of bankruptcy cases that creditors may expeditiously realize what they may is important and necessary; but the substance of things, and not the forms merely, should be observed. Bankruptcy proceedings are equitable in their nature, and should be as far as possible conducted on broad lines to accomplish the ultimate purpose of distributing the assets of a bankrupt pro rata among his creditors.
In re Faulkner, 161 F. at 903.
"A proof of claim is a written statement setting forth a creditor's claim. A proof of claim shall conform substantially to the appropriate Official Form." FED. R. BANKR. P. 3001(a). The Official Form requires information concerning, inter alia, the creditor's name, an address for notices, whether the claim amends a claim already filed, whether anyone else has filed a proof of claim for the claim, the amount of the claim, the basis of the claim, and whether the claim is secured or unsecured. Official Bankr. Form 410, available at http://www.uscourts.gov/forms/bankruptcy-forms/proof-claim-0; see also In re Montgomery, 305 B.R. 721, 725 (Bankr. W.D. Mo. 2004).
A creditor who fails to file a formal proof of claim by the required deadline may be able to assert a timely informal proof of claim. See First Am. Bank & Trust of Minot v. Butler Mach. Co. (In re Haugen Constr. Servs., Inc.), 876 F.2d 681, 682 (8th Cir. 1989) (per curiam). If successful in doing so, the creditor may then amend the timely informal proof of claim by filing a formal proof of claim after the deadline. Id.
The Eighth Circuit discussed amendments to claims in the case of In re Donovan Wire & Iron Co., 822 F.2d 38 (8th Cir. 1987) (per curiam). There, the Court stated:
*66 "Great liberality in permitting amendments of claims in bankruptcy proceedings is proper, but the statute requiring that a proof of claim in writing be filed is clear, positive and unambiguous and it must not be nullified in the name of equity. If the record made within the statutory period, formal or informal , disclosed facts showing an assertion of a claim against the estate and an intention by the claimant to share in its assets, there would be a basis for the proposed amendment."
In re Donovan Wire & Iron Co., 822 F.2d at 39 (quoting Tarbell v. Crex Carpet Co., 90 F.2d 683, 685-86 (8th Cir. 1937) ).
The creditor asserting the claim has the burden of proving it meets the requirements for establishing an informal proof of claim. See Maynard Sav. Bank v. Michels (In re Michels) , 286 B.R. 684, 689 (8th Cir. BAP 2002) ; see also , In re Acuity Med. Int'l, Inc., No. 15-40126, 2016 WL 885021, at *4 (Bankr. D. Minn. Mar. 8, 2016) (no informal proof of claim where creditor "failed to indicate an intent to pursue its claim"). In the Eighth Circuit, "[t]o qualify as an informal proof of claim, the document must state the nature and amount of the claim as well as indicate the claimant's intent to hold the debtor liable and pursue the claim." In re Michels , 286 B.R. at 691 (citing In re Larson , 245 B.R. 609, 614 n.1 (Bankr. D. Minn. 2000) ); see also In re Haugen Constr. Servs., Inc., 876 F.2d at 682. Thus, in addition to stating the nature and amount of the claim, the document must clearly indicate both the claimant's intent to hold the debtor liable and his intent to pursue the claim. In re Acuity Med. Int'l, Inc., 2016 WL 885021, at *3 (while involuntary petition indicated petitioning creditor's intent to hold debtor liable, it failed to contain an "articulated indication" of creditor's intent to pursue its claim).
In determining whether a claimant has met his burden of proving an informal proof of claim, the focus is on "the record made within the statutory period" and whether the evidence is sufficient to show "an assertion of a claim against the estate and an intention by the claimant to share in its assets." Tarbell, 90 F.2d at 685 ; accord In re Interco, Inc., 149 B.R. 934, 939 (Bankr. E.D. Mo. 1993). Where the elements are established by the record prior to the bar date, courts have found an informal proof of claim. See In re Montgomery, 305 B.R. at 726 (ex-wife's motion to intervene in contested matter and her answer to trustee's avoidance action, both filed prior to the bar date, qualified as informal proof of claim); In re Phillips, 166 B.R. 129, 132 (Bankr. S.D. Iowa 1994) (creditor's filing of complaint objecting to dischargeability of debt against the debtor prior to proof of claim deadline qualified as informal proof of claim); Beatrice Foods Co. v. Hart Ski Mfg. Co., Inc. (In re Hart Ski Mfg. Co., Inc.) , 5 B.R. 326, 327-28 (Bankr. D. Minn. 1980) (creditor's answer, amended answer, and complaint, which had attached to it all the documents evidencing creditor's claim, all filed prior to the bar date, found sufficient to establish an informal proof of claim).But cf. In re Brandt, No. 6-87-478, 1989 WL 109696, at *4 (Bankr. D. Minn. Sept. 22, 1989) (letter to trustee "while it might have met the requirements for an informal proof of claim," could not be informal proof of claim because it was received after time for asserting proof of claim).
"The document does not necessarily have to be filed with the [c]ourt, but the document must arise in the context of the creditor's active participation in the case and evidence an intent to assert a claim via that document." In re Tri-State Ethanol Co. LLC, No. 03-10194, 2008 WL 62264, at *3 (Bankr. D.S.D. Jan. 3, 2008) (citing *67 In re Haugen Constr. Servs., Inc., 876 F.2d at 682 ); see also , In re Hess, 148 B.R. 570, 571 (Bankr. E.D. Ark. 1992) (letter to trustee constituted an informal proof of claim where it explicitly stated the nature and amount of the claim, the creditor's desire to pursue to the claim, and the creditor's intent to share in the estate assets).
In the case before the Court, Mr. Ahmed admitted that he received a copy of the Case Filing Notice containing the June 1, 2017 deadline for filing proofs of claim. It is undisputed that Mr. Ahmed failed to file a formal proof of claim by the June 1, 2017 deadline.
In analyzing whether Mr. Ahmed has met his burden of proving that his actions taken in the bankruptcy case meet the requirements of an informal proof of claim, the Court must focus on the actions taken prior to the proof of claim deadline. Therefore, the Court must first determine what actions were taken by Mr. Ahmed on or before June 1, 2017.
Mr. Ahmed argues that his objections to confirmation constituted an informal proof of claim. The evidence unequivocally revealed, however, that the objections were filed after the June 1 bar date. Because they were filed outside the statutory period, they cannot be the basis for an informal proof of claim. E.g. , Tarbell, 90 F.2d at 685 ; In re Brandt , 1989 WL 109696, at *4.
Mr. Ahmed also argued he has actively participated in the case, in part, by communicating with the Chapter 13 Trustee's staff attorney regarding issues in the case in an effort to increase distributions to unsecured creditors, which helps to establish an informal proof of claim. While Ms. Holt testified that she and counsel for Mr. Ahmed had engaged in some telephone calls, no testimony was given regarding when the calls took place, whether before or after the bar date, or the nature or content of the telephone calls. Likewise, while Ms. Holt agreed that Mr. Ahmed and his counsel had been "heavily involved" in the case, no testimony was given regarding when these actions occurred or what specific actions amounted to "heavy involvement." For these reasons, the Court cannot determine whether any of these actions occurred before the bar date. Therefore, the Court can give no weight to the evidence concerning the telephone calls with the Chapter 13 Trustee's staff attorney or her opinion that Mr. Ahmed and his counsel were heavily involved in the case.
In reviewing the "record made within the statutory period," the evidence revealed that prior to the June 1, 2017 deadline, the Notice of Appearance was filed with the Court, and Mr. Ahmed and his counsel appeared at two of the Debtor's 341(a) meetings.
The Notice of Appearance stated that Mr. Ahmed's attorneys were entering an appearance in the case on behalf of Mr. Ahmed, that Mr. Ahmed was a creditor, and that any notices required to be given in the bankruptcy case should be given to the designated address. The Notice of Appearance did not include the nature or basis of Mr. Ahmed's claim, the amount of the claim, nor any indication that Mr. Ahmed intended to assert his claim against the estate or hold the Debtor liable. Therefore, the Notice of Appearance does not meet the requirements of an informal proof of claim. See Tarbell, 90 F.2d at 685 (letter informing trustee of state court litigation and requesting information about the bankruptcy filing and proof of claim deadline held not informal proof of claim where it failed to show existence of a claim against the estate, the basis of the claim, amount of the claim, or that a claim would be asserted);
*68 Myers v. Halverson (In re Irvine), 105 B.R. 502, 503-04 (D. Minn. 1989) (letter to trustee and objections served prior to bar date did not constitute an informal proof of claim where they did not assert an intention to make a claim against the estate); In re Farmland Indus., Inc., 318 B.R. 159, 164 (Bankr. W.D. Mo. 2004) (letter to debtor's counsel that did not assert that creditor would make a claim against the estate and did not clearly state intention to hold debtor liable did not constitute informal proof of claim); In re Brandt, 1989 WL 109696, at *4 (letter to trustee and recitals in a motion did not qualify as informal proof of claim where they failed to allege basis for claim and amount of the claim).
No other writing made prior to the June 1, 2017 deadline was introduced as a basis to support an informal proof of claim.
While the Eighth Circuit test requires a document stating the nature and amount of the claim and indicating an intent to hold the debtor liable and pursue the claim, e.g. , In re Michels , 286 B.R. at 691, Mr. Ahmed argues his participation in the case supports a finding of an informal proof of claim.
As to the attendance at the 341(a) meetings, the evidence revealed that Mr. Ahmed and his attorney, prior to the June 1 bar date, attended the second scheduled 341(a) meeting, which the Debtor did not attend, and they also attended the third scheduled 341(a) meeting, which the Debtor did attend. Both Mr. Ahmed and his attorney questioned the Debtor. The only evidence regarding the substance of the questions asked at the 341(a) meeting concerned the debt to the Private Investor and whether the Debtor believed he owed a debt to Mr. Ahmed. While the trustee's staff attorney described Mr. Ahmed as "very adamant" about his claim, no further testimony was given concerning the specific questions asked or actions taken at the 341(a) meeting.
Mr. Ahmed cited several cases in support of his position that his active participation supports a finding of an informal proof of claim. First, he relied on the case of First American Bank & Trust of Minot v. Butler Machinery Co. (In re Haugen Construction Services, Inc.), 876 F.2d 681 (8th Cir. 1989), for the proposition that the creditor's active participation in the bankruptcy case is an important factor in the informal proof of claim analysis. The facts in the Haugen case, however, clearly demonstrate a level of participation that far exceeds that by Mr. Ahmed. In the Haugen case, the creditor asserting the informal proof of claim was appointed chairman of the unsecured creditor's committee in the Chapter 11 case, sought authority to take Rule 2004 examinations, successfully obtained the appointment of an examiner in the case, and successfully moved for conversion to Chapter 7 after the examiner filed his report, all prior to the Chapter 7 bar date. In re Haugen Constr. Servs., Inc. , 88 B.R. 214, 215 (Bankr. D.N.D. 1988), subsequently aff'd per curiam, 876 F.2d 681 (8th Cir. 1989). Many of the actions in Haugen involved writings that were filed with the court by the creditor. In addition, the creditor's attorney also sent a letter to the United States Trustee five days after conversion stating that the creditor was owed "about $800,000.00" by the Debtor and that the creditor "wanted a competent trustee appointed to pursue the matter in the Chapter 7 proceedings." In re Haugen Constr. Servs., Inc. , 876 F.2d at 682. The Eighth Circuit held that this letter, although not filed with the court, was made prior to the bar date and "stated the nature and amount of [the creditor's] claim, and its desire to pursue that claim." Id. It further found that the creditor's "active participation throughout the earlier bankruptcy proceedings demonstrated [its]
*69 intent that the letter assert a claim." Id. (emphasis added).
Mr. Ahmed also cited the case of Maynard Savings Bank v. Michels (In re Michels), 286 B.R. 684 (8th Cir. BAP 2002). Mr. Ahmed acknowledged that Michels involved documents filed within the statutory period, but he found it noteworthy that Michels cited a Ninth Circuit case, Pizza of Hawaii, Inc. v. Shakey's, Inc. (In re Pizza of Hawaii, Inc.), 761 F.2d 1374 (9th Cir. 1985), which Mr. Ahmed argued looked at the creditor's participation and the debtor's knowledge of the debt.[3] In Michels, prior to the deadline for filing proofs of claim, the creditor filed a response to a motion for injunctive relief, filed an objection to confirmation of the debtor's plan, and filed a memorandum with the court. In re Michels , 286 B.R. at 692. In addition, an order was entered by the court prior to the bar date establishing the amount of the debt owed to the creditor by the debtor. Id. at 686-87. The court found that the filings by the creditor showed its "desire to have its rights dealt with" in bankruptcy and that the bankruptcy court had the authority to "establish the nature and amount of [the creditor's] claim." Id. at 692. The court ultimately found that the creditor's actions, which included filing several documents with the court, together with the bankruptcy court's order establishing the amount of the debt and the debtor's willingness to pay the claim in his plan, were sufficient to establish an informal proof of claim. Id. Again, the court relied on several documents filed prior to the bar date.
Here, the only document introduced as being made prior to the bar date was the Notice of Appearance. Neither Haugen nor Michels supports the proposition that a notice of appearance, together with participation at the 341(a) meeting, is sufficient to constitute an informal proof of claim.[4] In both cases, the courts relied on writings by the creditors that included the elements of an informal proof of claim, and in both cases the creditors participated at a much greater level prior to the bar dates than Mr. Ahmed participated in this case prior to the bar date. Moreover, even if attending the first meetings could demonstrate an intention to pursue a claim and hold the Debtor liable,[5] that "attendance" is not a writing.
The remaining cases cited by Mr. Ahmed in support of his position are cases decided by courts within the Fourth Circuit: Fyne v. Atlas Supply Co., 245 F.2d 107 (4th Cir. 1957) and Dabney v. Addison, 65 B.R. 348 (E.D. Va. 1985). In neither case did the court apply the qualifying test used by the Eighth Circuit, which "differs *70 from tests used by other circuits, [and] may cause courts to arrive at different results when faced with similar facts." In re Acuity Med. Int'l, Inc., 2016 WL 885021, at *2.
In Fyne , the court focused on the equities of the case and analyzed "whether sufficient notice of the claim had been given in the course of the bankruptcy proceeding" to constitute an informal proof of claim. Fyne , 245 F.2d at 107. There, the creditor obtained a judgment against the debtor, began levying on the debtor's property, and advertised the execution sale of the debtor's property, which caused other creditors to file an involuntary petition against the debtor. Id. at 108. The creditor's claim was scheduled and was approximately one-half of the debt owed by the estate. Id. Prior to the bar date, the creditor's attorney participated at the debtor's first meeting and also wrote a letter to counsel for the trustee, which the court found amounted to "an assertion of a right in the estate." Id. The creditor's attorney did not file a formal proof of claim "because of the mistaken belief that this had been done by another attorney." Id. The court allowed the creditor to amend its informal proof of claim because "the existence and amount of the claim [were] established by the files of the bankruptcy court itself" and the bankruptcy resulted from the creditor's attempt to enforce its claim. Id. at 109.
In the Dabney case, prior to the expiration of the bar date, counsel for the creditors attended the first meeting of creditors, objected to the debtors' exemptions, filed a complaint to determine dischargeability of debt, worked with the trustee to negotiate a settlement on the exemption claims after the creditors' objection was sustained, and obtained a judgment against one of the debtors. Dabney, 65 B.R. at 349, 352. The court applied the standard from the Fyne case, stating the proof of claim would be "permitted so long as there is already sufficient notice of the claim in the bankruptcy proceedings." Id. at 351. Finding sufficient notice, and based on the equities of the case, the court granted leave for the creditors to amend their informal proofs of claim.
In both Fyne and Dabney , although counsel for the creditors attended the 341(a) meetings, the courts also relied on writings in making their findings that the creditors had established informal proofs of claim. More significantly, however, in both Fyne and Dabney , the standard used was whether there was sufficient notice of the claims in the bankruptcy proceedings. This is a much different standard than the standard used in the Eighth Circuit, and as stated in Acuity Medical , courts in other circuits applying different tests may indeed reach different results. While Mr. Ahmed's position may be stronger under the Fourth Circuit standard, this Court must use the Eighth Circuit standard, which requires a document that states the nature and amount of the claim and indicates the creditor's intent to hold the debtor liable and pursue its claim against the estate. Mr. Ahmed's actions prior to the June 1 bar date do not meet those requirements.
Two other arguments made by Mr. Ahmed regarding the equities of the case merit discussion. First, he argued the Court should consider the Debtor's knowledge of his claim. It was clear from the evidence that the Debtor was well aware of Mr. Ahmed's claim against him from actions Mr. Ahmed took before the bankruptcy filing. Mr. Ahmed began pursuing the collection of his claim in state court, and the Debtor removed the state court action to federal court. The Debtor admitted that it was the upcoming trial in federal court that caused him to file bankruptcy.
*71 The Debtor's awareness of Mr. Ahmed's claim, however, even if he knew the nature and amount of the claim, is insufficient to constitute an informal proof of claim.[6] See In re Farmland Indus., Inc., 318 B.R. at 164 ("A debtor's ... knowledge of a claim is not enough to constitute an informal proof of claim."); In re Sanitary & Improvement Dist. No. 7, Lancaster Cnty., Neb., 112 B.R. 990, 995 (Bankr. D. Neb. 1990) (to allow debtor's knowledge of claimants' names, the amount of their claims, and information necessary to determine legitimacy of their obligations to serve as basis for informal proof of claim would require the bankruptcy court to ignore the applicable proof of claim filing rules).
The final argument made by Mr. Ahmed is that the facts of this case are unique in that the Debtor has delayed the progress of the bankruptcy case, which caused the deadline to object to confirmation of the Debtor's Chapter 13 plan to fall after the deadline for filing proofs of claim. Mr. Ahmed argued that because of the Debtor's own delays the late-filed Formal Proof of Claim should be allowed and that to disallow his claim would be inequitable. Mr. Ahmed cites no cases in support of this proposition, and the Court's independent research has found none. Nothing in the record revealed an objection by Mr. Ahmed to the Debtor's delays at the time.[7] This Court finds the Debtor's delays did not relieve Mr. Ahmed of his responsibility to file his proof of claim timely. Moreover, " 'the statute requiring that a proof of claim in writing be filed is clear, positive and unambiguous and it must not be nullified in the name of equity.' " In re Donovan Wire & Iron Co. , 822 F.2d at 39 (quoting Tarbell , 90 F.2d at 685-86 ).
Conclusion
While Mr. Ahmed argues that his overall participation in the case is sufficient to put the Debtor on notice of his claim and therefore should constitute an informal proof of claim, for the reasons stated herein the evidence was insufficient to meet the Eighth Circuit informal proof of claim requirements. Therefore, the proof of claim filed by Mr. Ahmed on June 30, 2017, is not an amendment to an informal proof of claim but is an untimely filed claim.
The Debtor's objection to Mr. Ahmed's claim is sustained, and the claim is disallowed. See 11 U.S.C. § 502(b)(9) ; In re Larson, 245 B.R. 609, 614 n.1 (Bankr. D. Minn. 2000) ("In general, late-filed claims must be disallowed in Chapter 13 cases if there is an objection." (citing In re Dennis, 230 B.R. 244, 249 (Bankr. D.N.J. 1999) ) ).
IT IS SO ORDERED.

This was the deadline for filing proofs of claim at the time this case was filed and at the time the proof of claim was due. Effective December 1, 2017, with certain exceptions, proofs of claim in Chapter 13 cases must now generally be filed no later than "70 days after the order for relief." FED. R. BANKR. P. 3002(c).

Again, Rule 3002(c) was amended effective December 1, 2017. There are now seven enumerated exceptions contained in Rule 3002(c).

This Chapter 11 case was decided under the Ninth Circuit's " 'long-established liberal policy toward amendment of proofs of claim.' " In re Pizza of Haw., Inc., 761 F.2d at 1381 (quoting Sambo's Rests., Inc. v. Wheeler (In re Sambo's Rests., Inc.) , 754 F.2d 811, 816 (9th Cir. 1985) ). Unlike the facts of the present case, in Pizza of Hawaii , the creditor filed a motion for relief from stay stating its "desire to join the debtor as a defendant in [a pending] civil case," which the Ninth Circuit found "clearly evidenc[ed] its intent to hold the estate liable." Id. In addition, the documents attached to the motion detailed "the nature and contingent amount of the claim" and specifically stated the damages sought. Id. The court found that the motion, together with other documents filed by the creditor, constituted an informal proof of claim. Id. at 1382.

Mr. Ahmed cites no cases where the only writing relied on for the informal proof of claim is a notice of appearance and the Court's independent research has found none.

Counsel for Mr. Ahmed stated in closing that Mr. Ahmed flew from New York to attend the second scheduled meeting of creditors; however, Mr. Ahmed did not testify as to whether he came to Arkansas solely for either of the first meetings.

Similarly, the trustee's knowledge of Mr. Ahmed's claim does not create an informal proof of claim. In re Irvine, 105 B.R. at 503-04 (correspondence from creditor's counsel to trustee enclosing loan documents and filing objection to exemptions held insufficient to constitute an informal proof of claim where they did not specifically assert an intention to make claim against the estate); In re Farmland Indus., Inc., 318 B.R. at 164 (stating that a "trustee's knowledge of a claim is not enough to constitute an informal proof of claim").

In the case of In re Phillips, 166 B.R. 129 (Bankr. S.D. Iowa 1994), certain creditors argued that because the first meeting of creditors was not held until after the deadline for filing proofs of claims they were "unable to query the debtor to properly prepare to file a proof of claim." In re Phillips, 166 B.R. at 133. The bankruptcy court noted that the creditors made no objections or motions at the time of the delays so they should be unable to do so after the proof of claim deadline. Id.